488 S.E.2d 437

**Mark A. CARTE, Petitioner Below, Appellee,**

**v.**

**Jane L. CLINE, Commissioner, Division of Motor Vehicles, State of West Virginia, Respondent Below, Appellee,**

**v.**

**Douglas W. ROYER, Intervenor/Respondent Below, Appellant.**

**No. 23862.**

Supreme Court of Appeals of West Virginia.

Submitted March 18, 1997.

Decided May 9, 1997.

Rehearing Refused July 15, 1997.

Pamela Games–Neely, Prosecuting Attorney, Martinsburg, for Appellee Carte.

Darrell V. McGraw, Jr., Attorney General, Jacquelyn I. Custer, Senior Assistant Attorney General, Charleston, for Appellee Cline.

Robert C. Stone, Jr., Martinsburg, for Appellant.

MAYNARD, Justice:

Appellant, Douglas W. Royer, appeals an order entered by the Circuit Court of Berkeley County, West Virginia, on March 16, 1996. The circuit court's order affirmed a prior reversal of the order of the Commissioner of the Division of Motor Vehicles (Commissioner). The court's previous order had reinstated the appellant's driving privilege after his license had been revoked for driving under the influence of alcohol. Appellant contends the circuit court erred by concluding the arresting officer, Sergeant Mark Carte, has standing to appeal the Commissioner's order and in concluding the Commissioner's order resulted from an error of law and was clearly wrong. We believe the circuit court was correct, and therefore, we affirm the order of the Circuit Court of Berkeley County.

On June 11, 1994, appellant was arrested by Sergeant Mark Carte and charged with driving under the influence of alcohol. Pursuant to W.Va.Code § 17C–5A–1(c) (1994),[1] the appellant's privilege to drive was administratively revoked by order of Jane Cline, the Commissioner of the Division of Motor Vehicles of the State of West Virginia (DMV). The appellant appealed the administrative revocation and was granted an administrative hearing, pursuant to W.Va.Code § 17C–5A–2 (1994),[2] on April 26, 1995.

At the administrative hearing, Sergeant Mark Carte testified that he received a call at approximately 4:20 A.M. during the morning of April 11, 1994. The caller stated that a suspicious vehicle was sitting at a stop light in the access driveway of the K–Mart Store and Lowe's parking lot, which enters onto State Route 45 in Berkeley County, West Virginia. The officer went to the scene and there observed a 1991 blue Camaro sitting at the intersection with the appellant slumped behind the wheel. The appellant appeared to be passed out with the engine running, the

---

1. W.Va.Code § 17C–5A–1(c) (1994) states in pertinent part:

(c) If, upon examination of the written statement of the officer and the tests results described in subsection (b) of this section, the commissioner shall determine that a person was arrested for an offense described in section two, article five of this chapter ..., and that the results of any secondary test or tests indicate that at the time the test or tests were administered the person had, in his or her blood, an alcohol concentration of ten hundredths of one percent or more, by weight, or at the time the person was arrested he or she was under the influence of alcohol, controlled substances or drugs, the commissioner shall make and enter an order revoking the person's license to operate a motor vehicle in this state.

2. W.Va.Code § 17C–5A–2(a)(1994) states:

(a) Upon the written request of a person whose license to operate a motor vehicle in this state has been revoked or suspended under the provisions of section one [§ 17C–5A–1] of this article ..., the commissioner of motor vehicles shall stay the imposition of the period of revocation or suspension and afford the person an opportunity to be heard ....

transmission in drive, and his foot on the brake. The officer awoke the appellant and had him shut off the engine. While speaking with the appellant, the officer noticed the odor of alcohol on the appellant's breath.

The officer asked to see the appellant's drivers license, registration, and insurance information. The appellant provided the documentation. The officer then asked the appellant to get out of the vehicle and perform three field sobriety tests, the walk and stand test, the one leg stand test, and the horizontal gaze nystagmus (HGN) test. The officer noted the appellant was unable to properly complete any of the three tests, so the appellant was placed under arrest for driving under the influence of alcohol (DUI).

The appellant was provided a copy of the West Virginia Implied Consent Law, which was explained to him. He agreed to take the intoxilyzer test.[3] The appellant was then read his *Miranda* rights,[4] and he agreed to give an interview about the incident. When asked if he had been driving, the appellant answered "you know I was;" when asked where he was going, he replied "going home." He did not know the name of the street or highway on which he was driving, but stated that his direction of travel was "south." When asked if he had been drinking, he replied "yes"; when asked what he had been drinking, he replied "beer"; and when asked how much, he replied "ten or twelve."

On cross-examination, the appellant asked Sergeant Carte only one question; that is, if the vehicle was stationary when the officer arrived on the scene. The officer responded that it was. The appellant presented no witnesses and did not testify in his own behalf at the administrative hearing.

On September 29, 1995, the Commissioner entered an order, which reversed the appellant's drivers license revocation and reinstated his driving privileges. The order con-

cludes "the State failed to present sufficient evidence to prove Douglas W. Royer drove a motor vehicle, in this State, while under the influence of alcohol, controlled substance or drugs," and relies on the definition of "driving" as it is stated in *State v. Taft*, 143 W.Va. 365, 102 S.E.2d 152 (1958). Syllabus Point 1 of *Taft* states, in part, "there must be an intentional movement of the automobile by the defendant." Thereafter, Sergeant Carte, with the assistance of the Berkeley County Assistant Prosecuting Attorney,[5] filed a petition for appeal in the Circuit Court of Berkeley County, seeking review of the Commissioner's final order. On appeal to the circuit court, the Commissioner was represented by the Attorney General of West Virginia.

The central issue below was whether the trooper had standing to seek appellate review of an adverse ruling following an administrative hearing. A secondary issue was whether the Commissioner was justified in relying upon *State v. Taft*, 143 W.Va. 365, 102 S.E.2d 152 (1958), to conclude the trooper offered insufficient evidence to prove the appellant had intentionally operated a motor vehicle on June 11, 1994.

The circuit court entered an order on January 23, 1996, concluding that "Trooper Carte was and is a 'party' within the meaning of W.Va.Code § 17C–5A–1 *et seq.* and within the meaning of the [Administrative Procedures] Act, therefore Trooper Carte has standing to file the instant appeal." The court also found the Commissioner's ruling that the appellant did not drive a motor vehicle while under the influence of alcohol as defined by *State v. Taft*, 143 W.Va. 365, 102 S.E.2d 152 (1958), was clearly wrong and resulted from an error of law. The Commissioner's order was found to be insufficient because it contained no findings of fact or conclusions of law, pursuant to W.Va.Code § 29A–5–3 (1964). Therefore, the case was remanded to the DMV for further proceed-

---

3. The results of the intoxilyzer test were not admitted into evidence or made a part of the record.

4. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

5. The prosecuting attorney's office generally represents the interests of the Commissioner of the

DMV. Here, the prosecuting attorney sought and received a waiver from the Commissioner to represent the interests of the arresting officer. We suggest that this procedure be followed in the future when these cases arise.

ings. The appellant filed a motion to alter or amend the court's judgment, which motion was denied by the court on March 14, 1996. It is from this order that the appellant brings this appeal.

In *Muscatell v. Cline*, 196 W.Va. 588, 594–95, 474 S.E.2d 518, 524–25, (1996), this Court discussed the standard of review for administrative orders that are appealed to this Court following appeal to the circuit court, by stating:

On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A–5–4(a) (1964) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong. *Philyaw v. Gatson*, 195 W.Va. 474, 466 S.E.2d 133 (1995), and W.Va.Code § 29A–5–4–(g) (1964).

In cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo. Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995).

This is a case of first impression in West Virginia. The appellant's main thrust on appeal is that the circuit court erred by concluding that Sergeant Carte has standing to appeal the Commissioner's order. Appellant argues there is no statutory scheme provided in the traffic regulations section of the West Virginia Code for an officer to appeal the reinstatement of a license revocation, and the State Administrative Procedures Act (APA), W.Va.Code § 29A–5–4(g) (1964), only sanctions review by a court if the "substantial rights of the petitioner" have been prejudiced. Therefore, it is the position of the appellant that the arresting officer lacks standing to appeal the license reinstatement. The Commissioner concurs with the appellant and asserts that only the licensee is entitled to seek judicial review. Sergeant Carte argues he has standing to appeal the reinstatement of a license revocation because as the arresting officer, he was treated as a party in all respects and is referred to as a party in the state regulations. After careful consideration, we agree that the right to seek circuit court review extends to the arresting officer, as well as to the licensee and the Commissioner.

The procedure by which a license to operate a motor vehicle is revoked is administrative in nature and is established by W.Va. Code § 17C–5A–1, *et seq.*, Administrative Procedures for Suspension and Revocation of Licenses for Driving Under the Influence of Alcohol, Controlled Substances or Drugs. Judicial review is provided, under the APA, West Virginia Code § 29A–1–1, *et seq.*, at the request of the driver whose license has been administratively revoked because W.Va.Code § 17C–5A–2(q) (1996) states in pertinent part, "If the commissioner shall after hearing make and enter an order affirming the commissioner's earlier order of revocation, the person shall be entitled to judicial review as set forth in chapter twenty-nine-a [§ 29A–1–1 et seq.] of this code[.]"

This Court has previously said, "Appeals from revocation issued by the Commissioner of the West Virginia Department of Motor Vehicles are governed by the West Virginia Administrative Procedure Act." *Donahue v. Cline*, 190 W.Va. 98, 101, 437 S.E.2d 262, 265 (1993) (per curiam). Therefore, we turn to the language of the APA to determine whether the arresting officer should be considered a "party" to the action. W.Va.Code § 29A–5–1(a) (1964) provides in pertinent part:

In any contested case all *parties* shall be afforded an opportunity for hearing after at least ten days' written notice. The notice shall contain the date, time and place of the hearing and a short and plain statement of the matters asserted. If the agency is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter, upon application a more definite and detailed statement shall be furnished. An opportunity shall be afforded all *parties* to present evidence and argument with respect to the matters and issues involved. (Emphasis added).

W.Va.Code § 29A-5-2(c) (1964) states, "Every *party* shall have the right of cross-examination of witnesses who testify, and shall have the right to submit rebuttal evidence." (Emphasis added). And, W.Va. Code § 29A-5-4(a) (1964) provides that "[a]ny *party* adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter, but nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law." (Emphasis added).

The rules governing the procedures for denial, suspension, revocation or nonrenewal of driving privileges are contained in Title 91, Series 5 of the Code of State Regulations (91 C.S.R. 5). 91 C.S.R. § 5-7.14 provides judicial review for a licensee whose driver's license is, or remains, suspended after a hearing. "Hearing [m]eans the administrative procedures conducted by the Commissioner pursuant to W.Va.Code § 17C-5A-1 et seq., and § 29A-5-1 et seq. and this section as applied to contested cases arising out of the enforcement of administrative revocations imposed under the provisions of W.Va.Code § 17C-5A-1 et seq." 91 C.S.R. 5-14.2.4.

The arresting officer or the licensee may request a hearing and may be granted a continuance, pursuant to 91 C.S.R. 5-14.4.6. The arresting officer, as well as the licensee may be represented by an attorney at the hearing. 91 C.S.R. 5-14.5.1. The licensee has the right to cross-examine the arresting officer, unless precluded by Code or legislative rules, 91 C.S.R. 5-14.5.4.b., and "[t]he arresting officer has the right to cross examine any person who gives testimony." 91 C.S.R. 5-14.5.4.d. Further, 91 C.S.R. 5-14.5.4.e. provides that "[f]ollowing the presentation of all evidence, each *party* has the right to offer closing arguments." (Emphasis added).

■ At administrative hearings, the arresting officer testifies and is subject to cross-examination. The officer often is not represented by counsel, so the officer questions and cross-examines the licensee and witnesses, objects to the introduction of evidence, and makes closing arguments. Moreover, he is treated as a party in all respects in that he is notified of hearing continuances and is granted an opportunity to review the entire file prior to the hearing. The officer is deemed a party to the administrative hearing and is afforded the rights of a party. The only right not presently afforded the officer which all other parties enjoy is the right to appeal an unfavorable decision. It goes against our sense of fairness for the officer to be burdened with the responsibilities of a party in the administrative hearing, but to enjoy none of the privileges available to the remaining parties at the close of the hearing. We hold, therefore, that the arresting officer in a DUI case is a party to a license revocation hearing, within the meaning of W.Va.Code § 17C-5A-1, *et seq.*, and within the meaning of the State Administrative Procedures Act, W.Va.Code § 29A-1-1, *et seq.*, who has standing to appeal an adverse administrative decision.

The appellant next asserts on appeal that the circuit court erred in concluding the Commissioner's final order resulted from an error of law and was clearly wrong. The appellant contends that because Sergeant Carte described the appellant's car as "sitting" three times during the administrative hearing, the officer did not prove the appellant drove a motor vehicle while under the influence of alcohol. The Commissioner agrees and contends the State failed to prove the appellant actually "drove," while under the influence of alcohol, the vehicle in which he was found. The Commissioner goes on to state in her brief that "[w]hile it seems logical to assume that Mr. Royer had driven the vehicle to the intersection, there is nothing in the record that definitely establishes movement of the car at a time when Mr. Royer was under the influence of alcohol." Sergeant Carte asserts there was sufficient evidence, under the preponderance of the evidence standard, for the circuit court to properly find the appellant drove his vehicle while under the influence of alcohol and to conclude, therefore, that the Commissioner's order was clearly wrong.

The Commissioner ruled that based upon *State v. Taft*, 143 W.Va. 365, 102 S.E.2d 152 (1958), there was insufficient evidence to prove the appellant intentionally drove his vehicle while under the influence of alcohol.

The Commissioner quotes Syllabus Point 1 of *State v. Taft, supra,* and defines "driving" by stating: "To constitute driving of an automobile, within the meaning of Section 2 of Article 5, Chapter 129 of the 1951 Acts of the Legislature, as amended, there must be an intentional movement of the automobile by the defendant."

The circuit court determined the Commissioner's order was clearly wrong, in that Sergeant Carte did present substantial evidence to prove the appellant did drive a motor vehicle while under the influence of alcohol. The court also found the Commissioner's order resulted from an error of law, because *Taft* was decided approximately twenty-three years prior to the adoption of W.Va.Code § 17C–5A–1, *et seq.,* which permits the civil revocation of a driver's license. At the time *Taft* was decided, the proceedings were criminal in nature, and the standard was beyond a reasonable doubt. We agree with the circuit court. Pursuant to the APA, W.Va.Code § 29A–5–4(g) (1964), the circuit court must reverse administrative decisions which are affected by error of law or are clearly wrong.

■ Administrative revocation hearings are civil in nature, and the burden of proof is by a preponderance of the evidence. In syllabus point 2 of *Albrecht v. State,* 173 W.Va. 268, 314 S.E.2d 859 (1984), this Court discussed the standard by stating:

Where there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol.

■ The appellant contends the officer did not actually see him "drive." In *State v. Byers,* 159 W.Va. 596, 224 S.E.2d 726 (1976), this Court stated that driving under the influence of intoxicating liquor does not have to be committed in the presence of the officer to justify an arrest. "W.Va.Code, 17C–5A–1, *as amended,* specifically provides that a lawful arrest may be effected ... at the direction of the 'arresting law-enforcement officer having

reasonable grounds to believe the person to have been driving a motor vehicle ... while under the influence of intoxicating liquor.'" *Byers* at 603, 224 S.E.2d at 731–32. We reiterated in *Bennett v. Coffman,* 178 W.Va. 500, 502, 361 S.E.2d 465, 467 (1987), that "an officer having reasonable grounds to believe that a person has been driving while drunk may make a warrantless arrest for that offense even though the offense is not committed in his presence." W.Va.Code § 17C–5A–1a(a) (1994) does not require that a police officer actually see or observe a person move, drive, or operate a motor vehicle while the officer is physically present before the officer can charge that person with DUI under this statute, so long as all the surrounding circumstances indicate the vehicle could not otherwise be located where it is unless it was driven there by that person. In the present case, we believe the officer had reasonable grounds to make the arrest. The vehicle was parked at a stop light with the engine running and the transmission engaged, the appellant stated he had been driving and admitted he had been drinking, and he failed to properly perform the field sobriety tests. We believe this evidence is sufficient to show that the appellant operated a motor vehicle upon a public street, exhibited symptoms of intoxication, and had consumed alcoholic beverages. This is sufficient proof, under a preponderance of the evidence standard, to warrant the administrative revocation of the appellant's driver's license for driving under the influence of alcohol.

As an aside, we pause here to remark that this case would not have been before this Court except for the dedication and determination of a state police officer and a prosecuting attorney who were zealous in pursuing the enforcement of our drunk driving laws in order to keep one drunk driver off the road. Their persistence should be noted.

For the reasons stated above, we affirm the order of the Circuit Court of Berkeley County.

Affirmed.