# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 10, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEVEN O. DALE, ACTING COMMISSIONER,**
**WEST VIRGINIA DIVISION OF MOTOR VEHICLES,**
Petitioner Below, Petitioner

vs.)  No. 13-0266  (Kanawha County 12-AA-95)

**RICKY REYNOLDS,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

In this appeal, petitioner, Steven O. Dale,[1] Acting Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), through counsel, Janet E. James, appeals the final order of the Circuit Court of Kanawha County entered February 20, 2013. In its order, the circuit court affirmed the final decision of the Office of Administrative Hearings ("OAH"), which had concluded the evidence was insufficient to uphold the driver's license revocation of the respondent, Ricky Reynolds ("Mr. Reynolds"), for driving under the influence ("DUI") of alcohol. Mr. Reynolds, through counsel, David Moye, filed a summary response to this Court.

Based upon the parties' written briefs and oral arguments, the appendix record designated for our consideration, and the pertinent authorities, we determine that the circuit court erred in affirming the decision of the OAH. Accordingly, we hereby reverse and remand this case. This case presents no new or significant questions of law. Furthermore, for the reasons set forth herein, this case satisfies the "limited circumstance" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for the Court to issue a memorandum decision rather than an opinion.

The underlying facts of this case began on June 29, 2010, when Deputy C.S. Tusing of the Putnam County Sheriff's Department was called to assist medics in the parking lot of the Kroger store in Scott Depot, West Virginia. The medics had been called when Mr.

---

[1]Acting Commissioner, Steven O. Dale, replaced the former commissioner as the named party. *See* W. Va. R. App. P. 41(c) ("When a public officer . . . ceases to hold office, the action does not abate and his successor is automatically substituted as a party. . . .").

Reynolds was discovered in the driver's seat of a vehicle, unresponsive, with the engine running, lights on, and parked in an area not designated for parking. Once awakened, Mr. Reynolds attempted to drive off, but was stopped by the medics. Mr. Reynolds was belligerent with the medics and admitted that he was "drinking beer and vodka[.]"

Upon his arrival on the scene, Deputy Tusing went to the truck and spoke to Mr. Reynolds. The Deputy noticed a strong odor of an alcoholic beverage and asked Mr. Reynolds to exit the vehicle. Mr. Reynolds told Deputy Tusing that he had a pint of vodka mixed with water, and that he had started drinking at the Scott Depot Park and Ride and later moved to the Kroger parking lot. Mr Reynolds was administered three field sobriety tests by Deputy Tusing, and he failed all three tests. He also failed the breathalyser test.

Deputy Tusing then transported Mr. Reynolds to the Hurricane Police Department for processing. Mr. Reynolds was read his *Miranda* rights[2] and then repeated that he had started drinking at the Scott Depot Park and Ride and then moved to the Kroger parking lot. After the implied consent statement was read to him, Mr. Reynolds provided a breath sample for the intoximeter, which measured his blood alcohol concentration at .207.

Deputy Tusing completed a DUI information sheet, and Mr. Reynolds was charged with aggravated DUI pursuant to W. Va. Code § 17C-5-2 (2010) (Supp. 2012). On July 21, 2010, the DMV suspended Mr. Reynolds's privilege to operate a motor vehicle in this state for a period of forty-five days. Mr. Reynolds requested a hearing, which was held April 5, 2012. At the hearing,[3] Mr. Reynolds's counsel proffered that the criminal DUI charge had been dismissed and had been re-filed as a charge of public intoxication.[4]

---

[2]*See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3]Neither Mr. Reynolds nor Deputy Tusing was present, but Mr. Reynolds waived the Deputy's appearance at the hearing.

[4]This Court recently recognized that the dismissal of the criminal charge has no effect on the administrative license revocation process. Specifically, in Syllabus point 4 of *Miller v. Epling*, 229 W. Va. 574, 729 S.E.2d 896 (2012), we stated:
> When a criminal action for driving while under the influence in violation of West Virginia Code § 17C-5-2 (2008) results in a dismissal or acquittal, such dismissal or acquittal has no preclusive effect on a subsequent proceeding to revoke the driver's license under West Virginia Code § 17C-5A-1 *et seq*.

(continued...)

On July 22, 2012, the OAH issued a decision reversing the DMV's revocation. In so doing, the OAH noted as follows:

> In the present matter, some surrounding circumstances indicate that the vehicle was driven by [Mr. Reynolds]. However, according to the interview section within the D.U.I. Information Sheet, [Mr. Reynolds] told the [i]nvestigating [o]fficer that he was not operating a vehicle. Further, according to the criminal complaint submitted by [Mr. Reynolds's] counsel and entered into evidence . . . [Mr. Reynolds] stated that he started to drink at the Scott Depot Park and Ride, and then went up to the Kroger where he sits when he drinks. Based on that statement, the evidence reflects that [Mr. Reynolds] started to drink at the Scott Depot Park and Ride, but then decided to sit and drink in the Kroger parking lot instead. Thus, [the DMV] did not meet its burden of proof regarding whether [Mr. Reynolds] drove while under the influence and [Mr. Reynolds] successfully rebutted the evidence submitted by [the DMV].

The DMV appealed the OAH's decision to the Circuit Court of Kanawha County. The circuit court determined that, "based upon the evidence as a whole, the [e]xaminer was not clearly wrong in determining that [the DMV] did not meet its burden of proof regarding whether [Mr. Reynolds] drove while under the influence." Thus, by order entered February 20, 2013, the circuit court affirmed the reversal of the license revocation. From this order, the DMV appeals to this Court.

The standard of review has been articulated previously as follows:

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

[4](...continued)
Moreover, in the license revocation proceeding, evidence of the dismissal or acquittal is not admissible to establish the truth of any fact. In so holding, we expressly overrule Syllabus Point 3 of *Choma v. West Virginia Division of Motor Vehicles*, 210 W. Va. 256, 557 S.E.2d 310 (2001).

3

Syl. pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996). Mindful of these applicable standards, we now consider the substantive issues raised herein.

On appeal to this Court, the DMV asserts that the circuit court erred in finding that the evidence failed to prove that Mr. Reynolds drove while under the influence of alcohol. Further, the DMV sets forth that the circuit court erred in finding that the investigating officer's absence from the hearing created a deficit in the evidence. Conversely, Mr. Reynolds suggests that there was no evidence to prove by a preponderance that he operated a vehicle while under the influence of alcohol.

The uncontested facts show that Mr. Reynolds was intoxicated the night of June 29, 2010. However, the question presented for this Court's decision is whether the evidence proves that Mr. Reynolds operated a motor vehicle during his intoxication. It is well-settled that

> [w]here there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol.

Syl. pt. 2, *Albrecht v. State*, 173 W. Va. 268, 314 S.E.2d 859 (1984). Further, there is no requirement that the police officer must witness the person driving while under the influence. *See* Syl. pt. 3, *Carte v. Cline*, 200 W. Va. 162, 488 S.E.2d 437 (1997) ("W. Va. Code § 17C–5A–1a(a) (1994) does not require that a police officer actually see or observe a person move, drive, or operate a motor vehicle while the officer is physically present before the officer can charge that person with DUI under this statute, so long as all the surrounding circumstances indicate the vehicle could not otherwise be located where it is unless it was driven there by that person."); *Bennett v. Coffman*, 178 W. Va. 500, 502, 361 S.E.2d 465, 467 (1987), *overruled on other grounds* (stating that "an officer having reasonable grounds to believe that a person has been driving while drunk may make a warrantless arrest for that offense even though the offense is not committed in his presence.") (internal citation omitted)); *accord State v. Byers*, 159 W. Va. 596, 224 S.E.2d 726 (1976) (finding that driving under influence does not have to be committed in presence of officer).

In the instant case, Mr. Reynolds admitted that he began drinking at the Park and Ride, and that he then moved to the Kroger parking lot. Mr. Reynolds was discovered, unresponsive, in the vehicle with the engine running, lights on, and not parked in a parking spot in the Kroger parking lot. When medics finally woke him, Mr. Reynolds attempted to drive away, which was described in the DUI information sheet and was confirmed by the

4

medic in the criminal complaint. Further, the arresting officer's information sheet shows that Mr. Reynolds had an alcoholic odor on his breath, that he was unsteady when exiting his truck and walking and standing, that his speech was slurred and his eyes were bloodshot, that he admitted drinking a pint of vodka, that he failed several sobriety tests, and that the Intoximeter test showed a blood alcohol content of .207.

Having reiterated that the evidence was sufficient to show that Mr. Reynolds was intoxicated, the relevant inquiry is whether "the surrounding circumstances indicate the vehicle could not otherwise be located where it is unless it was driven there by that person." Syl. pt. 3, in part, *Carte*, 200 W. Va. 162, 488 S.E.2d 437. Factually similar is the case of *Montgomery v. West Virginia State Police*, 215 W. Va. 511, 600 S.E.2d 223 (2004) (per curiam). In *Montgomery*, a grievance proceeding by a State Police Officer, the facts showed that the grievant was found at 7:05 a.m., intoxicated, in the driver's seat of a parked, running, State Police cruiser assigned to him. In that case, even in the absence of any witness who observed the grievant driving, this Court determined that the circumstances indicated the vehicle could not otherwise be located where it was unless the grievant had driven it to its current position. Thus, the revocation was upheld.

Likewise, in a subsequent case, *Ullom v. Miller*, 227 W. Va. 1, 13-14, 705 S.E.2d 111, 123-24 (2010), the focus of this Court's review was on the community caretaker doctrine and any resultant searches. However, the facts are illustrative to our present case. In *Ullom*, the defendant was in a car parked off the side of the road, clearly off the roadway, with its parking lights on. The location of the car was not in the way of oncoming traffic, and the car was parked in front of a chain gate blocking what appeared to be a dirt road leading to a field. The lower court found no probable cause for the suspension of driving privileges. This Court reversed, however, finding the facts that the defendant was found, likely intoxicated, parked with parking lights on, enough to make a reasonable assumption that the defendant drove while intoxicated. Therefore, the license revocation was reinstated.

Mr. Reynolds urges this Court to follow our recent memorandum decision: *Miller v. Bennett*, 2012 WL 3030813 (No. 11-0330 Mar. 30, 2012). In that decision, we affirmed the circuit court's determination that there was insufficient evidence to prove that the defendant had been the driver of the car. Factually, the arresting officer admitted that he did not see the defendant drive the car. Importantly, the defendant was not in his vehicle when he was found. Moreover, the car was parked in the vicinity with another man in the front seat. In that case, the decision turned on the fact that there was another man in the vehicle, and there was nothing to show that the passenger had not been the actual driver. Thus, Mr. Reynolds's argument for a different result in his case based upon the application of *Miller* is unfounded as the pertinent facts of the cases are inapposite.

5

In conclusion, this Court reiterates that there need not be affirmative evidence to show that an individual charged with DUI was operating a vehicle. The evidence demonstrates that Mr. Reynolds was intoxicated, alone, in a running vehicle with the lights on; he admitted that he began drinking in one location and moved to another; and he attempted to drive away when the medics woke him. It was reasonable to believe that the car came to be in the Kroger parking lot as a result of Mr. Reynolds's actions. Further, it was reasonable to believe he drove the vehicle while intoxicated. Mr. Reynolds unquestionably drove the vehicle from the Park and Ride, where he was admittedly drinking, to Kroger, where he was indisputably drunk. Additionally, he attempted to drive away when the medics woke him. The "driving" element was established by a preponderance of the evidence.[5]

---

[5]We recognize that the DMV argues a second assignment of error to this Court regarding its contention that the circuit court erred in finding that the investigating officer's absence from the hearing created a deficit in the evidence. First, we point out that Mr. Reynolds did not respond to this argument in his summary response. Second, we note that Mr. Reynolds's counsel waived the appearance of the arresting officer during the hearing below. Third, there is no requirement that the evidence of record be testimonial as opposed to documentary. *See* W. Va. Code § 29A-5-2(b) ("All evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case. Documentary evidence may be received in the form of copies or excerpts or by incorporation by reference."). *See also* Syl. pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles*, 219 W. Va. 70, 631 S.E.2d 628 (2006) (holding that statements of the arresting officer are admissible in the context of driver's license revocation proceedings); *Dale v. Odum*, __ W. Va. __, __ S.E.2d __, 2014 WL ------ (Nos. 12-1403 & 12-1509 Feb. 11, 2014) (per curiam) (relying on *Crouch* to reinstate a license revocation where the driver argued that the evidence contained in the DUI Information Sheet was inadmissible hearsay).

It follows that testimony is not necessary for the DMV to meet its burden of proof. Documentary evidence can form the basis for a revocation decision if it is supported by substantial evidence. The documentary evidence in the record shows that Mr. Reynolds was drinking at the Park and Ride, that he drove to Kroger to continue drinking, and that he attempted to drive away when awakened by medics. It shows he had an alcoholic odor on his breath, that he was unsteady when exiting his truck and walking and standing, that his speech was slurred and his eyes were bloodshot, that he admitted drinking a pint of vodka, that he failed several sobriety tests, and that the Intoximeter test showed a blood alcohol content of .207. There is sufficient evidence, unchallenged by Mr. Reynolds, that Deputy Tusing had reasonable grounds to believe Mr. Reynolds was operating a motor vehicle while

(continued...)

For the foregoing reasons, we reverse the February 20, 2013, order by the Circuit Court of Kanawha County. We further remand the matter to the circuit court for an order reinstating the July 21, 2010, suspension imposed by the DMV.

Reversed and Remanded.

**ISSUED: April 10, 2014**

**CONCURRED IN BY:**

**Chief Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**

---

[5](...continued)
under the influence of alcohol.