# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Everett Frazier,**
**Commissioner of the West Virginia Division of Motor Vehicles,**
**Respondent Below, Petitioner**

**vs.)  No. 20-0127** (Kanawha County 19-AA-47)

**Garland Harless,**
**Petitioner Below, Respondent**

**FILED**

**January 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles, by counsel Janet E. James, appeals the order of the Circuit Court of Kanawha County, entered on January 17, 2020, reversing the order of the Office of Administrative Hearings and restoring the driving privileges of respondent Garland Harless. Respondent appears by counsel David Pence.

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

At 2:00 a.m. on July 8, 2012, respondent was stopped for traveling at an excessive speed on MacCorkle Avenue and Chesnut Street in South Charleston, Kanawha County, West Virginia, by Patrolman M.A. Simms of the South Charleston Police Department. Respondent was arrested for driving under the influence of alcohol ("DUI"). The DUI information sheet from that arrest provides that respondent was unsteady exiting the vehicle, a motorcycle; was unsteady walking to the roadside and standing; had bloodshot eyes; emanated the odor of alcohol; and had slurred, mumbled speech. The DUI information sheet further noted that the investigating officer asked respondent to perform three field sobriety tests and respondent submitted to the same, failing all tests administered to him. Per the DUI information sheet, the officer observed that respondent had resting nystagmus, yet the investigating officer administered the horizontal gaze nystagmus test.[1]

---

[1] The circuit court order is critical of this test, noting that the horizontal gaze nystagmus test should not have been administered in light of respondent's resting nystagmus.

1

Respondent submitted to a preliminary test of his breath which revealed a 0.131% blood alcohol concentration ("BAC").

Respondent Harless was placed under arrest and transported to the South Charleston Police Department for processing. After the investigating officer read and provided respondent with a copy of the West Virginia implied consent form, respondent submitted to a secondary chemical test of his breath that resulted in a BAC of 0.128%

On July 27, 2012, the Division of Motor Vehicles ("DMV") issued an order of revocation to respondent. Thereafter, respondent requested a license revocation hearing before the Office of Administrative Hearings ("OAH") and filed a written notice of his intent to challenge the results of the secondary chemical test administered by the investigating officer pursuant to West Virginia Code § 17C-5A-2. Although the hearing was initially scheduled for November 30, 2012, it was continued numerous times. On July 29, 2014, the DMV filed a motion for evidentiary submission, requesting the pre-admission of the DMV Commissioner's file. A hearing was eventually held on April 27, 2017, and respondent was the only witness who testified. Per the OAH's final order, the investigating officer was deployed for overseas military duty and thus did not appear at the administrative hearing.

Respondent testified that he had consumed two beers approximately four hours prior to the traffic stop and that he was speeding at the time of the stop. Per his testimony, he had smokeless tobacco in his mouth during the administration of his preliminary and secondary chemical tests.

Respondent raised several defenses before the OAH. First, he argued that preliminary and secondary breath tests should not be considered because he had smokeless tobacco in his mouth when the tests were performed. As to that argument, the OAH found that

> "even if these tests were not considered, that is not dispositive. The [respondent] admittedly was operating a motorcycle when stopped on valid, appropriate, legal grounds. Further, he exhibited indicia of intoxication: he emitted the odor of an alcoholic beverage on his breath; he was unsteady in "exiting the vehicle," *i.e.* getting off his motorcycle, and in walking and standing; his speech was slurred and mumbled, and his eyes were bloodshot. He failed the two (2) standardized field sobriety tests considered herein. Finally, he admitted to consuming alcoholic beverages at some point prior to operating his motorcycle."

Additionally, respondent attempted to explain his unsteadiness and his failed field sobriety test, claims which did not persuade the OAH. Summarizing, the OAH noted:

> Simply stated, [respondent's] testimony was not credible. Moreover, even if he was telling the truth about his alcohol consumption, and/or his tobacco use during the incident and/or his claimed physical issues affecting his steadiness and his test performance, he still admitted to operating a motor vehicle and consuming alcoholic beverages, and he failed to rebut the documentary evidence indicating intoxication. That is all that is necessary to find the Petitioner operated a motor vehicle in this State while impaired. *See* Syl. Pt. 2, *Albrecht v. State*, 173 W. Va.

268, 314 4S.E.2d 859 (1984); Syl. Pt. 2, *Carte v. Cline*, 200 W. Va. 162, 488 S.E.2d 437 (1997); Syl. Pt. 4, *Lowe v. Cicchirillo*, 223 W. Va. 175, 672 S.E.2d 311 (2008).

Ultimately, the OAH upheld the DMV's revocation in its April 26, 2019, order.[2] The OAH found that the arresting officer's reports were more credible than respondent's live testimony.

Respondent filed a petition in the circuit court challenging the OAH's order and the revocation of his driving privileges. The circuit court reversed the decision of the OAH. In its order, the circuit court found that "[t]he OAH misapplied *Crouch* and its progeny to the case at hand." The circuit court further found that West Virginia Code § 29A-5-2(b) is not controlling in this case and the West Virginia Rules of Evidence are applicable. Thus, per the circuit court, the DMV's counsel was required to move for the admission of the documents after authentication.

The circuit court concluded:

Accordingly, since there was no testimony of any kind to authenticate the documents in the Commissioner's file, the same was improperly admitted over the objection of [respondent]. The Investigating Officer did not testify as to the standard reference checks provided on the DUI Information Sheet as required by the Code of State Rules § 64-1-7.1(c) of the State Bureau for Public Health Rules, and did not explain the failure to record a score on the one leg stand field sobriety test, [and] did not explain why the horizontal nystagmus test was performed despite recording resting nystagmus. Further, the Investigating Officer did not explain whether [respondent] informed him of his recent back surgery which may have affected his ability to perform the physical portions of the field sobriety tests, or whether he checked [respondent's] mouth before administering the preliminary breath test or the secondary chemical test, among other things. Without such testimony, the documents in the Commissioner's file entered into evidence are unreliable and should have been excluded.

Petitioner filed this appeal challenging the circuit court's January 17, 2020, order. On appeal, petitioner raised four assignments of error. First, petitioner alleged that the circuit court erred in excluding the DMV's agency record from evidence. Next, petitioner argued that the circuit court erred in finding that the DMV must produce the investigating officer at the hearing. Additionally, petitioner noted that the circuit court erred in failing to find that the DMV is the agency for purposes of admission of the record and is a party at the OAH hearing. Finally,

---

[2] The OAH noted that respondent's

explanation for his allegedly limited alcohol consumption was that he specifically did not want to get pulled over for DUI although he claimed he was not impaired and his claimed alcohol consumption was relatively minimal and had taken place four (4) hours prior to being stopped. Even if one were to take this testimony as true, the question arises as to how [respondent] failed a preliminary breath test at 2:15 a.m. and then later failed a secondary chemical test of the breath[.]

petitioner alleged that the circuit court erred in failing to give deference to the hearing examiner's credibility determinations. We will address these assignments below.

We recently reviewed a similar appeal from the DMV and reiterated the standard of review to govern this matter.

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

> "In cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syl. Pt. 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

Syl. Pts. 1 and 2, *Frazier v. Fouch*, No. 19-0350 (W. Va. Nov. 6, 2020). Guided by this standard, we review petitioner's arguments.

Petitioner initially argues that the circuit court erred when it excluded the DMV's agency record from the evidence. Respondent maintains that the circuit court properly determined that mandatory admission of the DMV file was unlawful. For the reasons addressed below, we agree with petitioner.

In syllabus point 3 of *Fouch* we reiterated our holding from *Crouch v. West Virginia Division of Motor Vehicles*, 219 W. Va. 70, 631 S.E.2d 628 (2006):

> "In an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, as described in W. Va. Code § 17C-5A-1(b) (2004) (Repl. Vol. 2004), that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl. Vol. 2002)." Syl. Pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles,* 219 W. Va. 70, 631 S.E.2d 628 (2006).

In *Fouch*, we also discussed several recent decisions addressing the admission of the DMV file at the administrative hearing.

> This Court noted in a recent decision that "[i]t is well-settled that the DMV file is to be accepted into evidence at a hearing before the OAH." *Frazier v. Condia*, No. 19-0465, 2020 WL 4355713, at *2 (W. Va. July 30, 2020)(memorandum decision). The Court in *Condia* recognized the mandatory direction contained in W. Va. Code § 29A-5-2(b) that "[a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, *shall be offered and made a part of the record in the case*[.]"

4

(Emphasis added). Further, the Court explained that the creation of the OAH in 2010 did not change the mandatory direction that the DMV's file *shall* be offered and made part of the record:

> We have repeatedly reminded litigants that this premise continues to hold true, though the agency in possession of the administrative file is no longer responsible for conducting the administrative hearing. *See* W. Va. Code § 17C-5C-5(a) (Repl. Vol. 2013) (2010) (recognizing the "transition of the administrative hearing process from the Division of Motor Vehicles to the Office of Administrative Hearings"). In 2010, "[t]he Office of Administrative Hearings [was] created as a separate operating agency within the Department of Transportation." W. Va. Code § 17C-5C-1(a) (2010) (Repl. Vol. 2013).

*Id.* at *2.

In another recent decision, *Frazier v. Riddel*, No. 19-0197, 2020 WL 4355641 (W. Va. July 30, 2020)(memorandum decision), the Court considered an appeal of a circuit court's order that was nearly identical to the order on appeal in this matter. As in the present matter, the circuit court in *Riddel* determined that syllabus point three of *Crouch* "is inapplicable as this case concerns a modern administrative review hearing before the OAH, and not the DMV." Additionally, the circuit court's order in *Riddel* concluded that the DMV "is not entitled to have [its] file made part of the administrative record without introducing documentary evidence through an appropriate witness." *Id.* at *2. The Court rejected the circuit court's analysis in *Riddel*, stating:

> The circuit court opined that the creation of the independent OAH in 2010, which divested the DMV of its responsibility to conduct administrative hearings, created a "modern administrative review hearing" process that rendered our prior syllabus points interpreting this statute null. *See* Syl. Pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles*, 219 W. Va. 70, 631 S.E.2d 628 (2006) ("In an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, . . . that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl. Vol. 2002)."). *We have, however, continued to uphold this legislative requirement in the decade since the OAH began.*

*Id.* at *3 (Emphasis added, footnote omitted).

We find this Court's analysis in *Condia* and *Riddel* to be directly applicable to the instant matter. The circuit court clearly erred by ruling that the DMV's file, including Officer Thompson's DUI information sheet, should not have been admitted into evidence and considered by the OAH. While the circuit court issued its ruling in this case prior to our decisions in *Condia* and *Riddel*, we note that this

Court also addressed this issue in a 2018 case, which was decided prior to the circuit court's ruling in the instant matter. In the 2018 case, the Court ruled:

> We have previously stated that "[w]ithout a doubt, the Legislature enacted W. Va. Code § 29A-5-2(b) with the intent that it would operate to place into evidence in an administrative hearing ['a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself.[']" *Crouch*, 219 W.Va. [at] 76, 631 S.E.2d [at] 634. As evidenced by the use of the word "shall," admission of the evidence identified in the statute is mandatory. *Id.* The secondary chemical test result was in the DMV's possession, and the DMV sought to avail itself of the result. Accordingly, the result of the secondary chemical test should have been admitted into evidence, subject to a rebuttable presumption as to its accuracy. *Id.* at 76, n.12, 631 S.E.2d at 634, n.12 ("We point out that the fact that a document is deemed admissible under the statute does not preclude the contents of the document from being challenged during the hearing. Rather, the admission of such a document into evidence merely creates a rebuttable presumption as to its accuracy.").

*Fouch*, slip op. at 9-12 (quoting *Reed v. Lemley*, No. 17-0797, 2018 WL 4944553, at *4 (W. Va. Oct. 12, 2018) (memorandum decision)).

Based upon our holding in *Fouch,* we agree with petitioner that it was error for the circuit court to exclude the DMV's agency record. Consistent with that case, testimony from the investigating officer is not required, and documentary evidence can form the basis for a revocation decision. Thus, the OAH appropriately accepted the DMV file and the DUI information sheet into evidence in this matter without testimony from the responding officer.

The circuit court herein erred when it found that the OAH is the "agency" as defined by West Virginia Code § 29A-5-2 and the DMV and licensee are parties to the dispute. Specifically, as discussed above, the circuit court erred when it concluded that the "DMV is a party and must present and prove its case by a preponderance of the evidence; the OAH is the agency as it is the trier-of-fact, the neutral arbiter, and the entity tasked with issuing findings of fact[] and conclusions of law for appellate review[.]" Consistent with our decisions in *Condia* and *Fouch*, the creation of the OAH in 2010 did not change the mandatory direction that the DMV's file shall be offered and made part of the record.

Finally, petitioner argues that the circuit court erred by failing to give deference to the hearing examiner's credibility determinations. We recently reiterated that the circuit court must give deference to the administrative law judge's factual findings and credibility determinations.

> "Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and

6

application of law to the facts, which are reviewed de novo." Syllabus point 1, in part, *Cahill v. Mercer County Board of Education*, 208 W. Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 4, *Frazier v. S.P.*, 242 W. Va. 657, 838 S.E.2d 741 (2020).

Herein, the OAH made an explicit finding that respondent's testimony was not credible. Despite this finding, the circuit court reversed the OAH's decision, dismissing this finding. Simply put, it appears that the circuit court adopted respondent's recitation of the facts because there were no other witnesses at the hearing. Contrary to our established precedent, it does not appear that the circuit court gave deference to the factual findings or the credibility determinations made by the administrative law judge.

For the foregoing reasons, the circuit court's January 17, 2020, order is hereby reversed, and the case is remanded for entry of an order consistent with this decision.

Reversed and remanded.

**ISSUED:** January 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

7