# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeffrey Debord,**
**Respondent Below, Petitioner**

**vs.) No. 19-0351** (Kanawha County 16-AA-98)

**Everett Frazier, Commissioner**
**of the West Virginia Division of**
**Motor Vehicles**
**Petitioner Below, Respondent**

**FILED**

**March 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeffrey Debord, by counsel Kevin D. Mills, appeals the Circuit Court of Kanawha County's March 19, 2019, order reversing the Decision of the Office of Administrative Hearings ("OAH") dated September 27, 2016. The West Virginia Division of Motor Vehicle ("DMV"), by counsel Janet E. James, filed a response.[1] Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in failing to give proper deference to the hearing examiner's findings of fact and conclusions of law. As such, the reversal of the findings of the hearing examiner was a clear abuse of discretion by the circuit court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested for driving under the influence of alcohol ("DUI") at 5:20 p.m. on September 22, 2012, after Deputy M. Stewart of the Berkeley County Sheriff's Department ("the Investigating Officer") encountered the petitioner driving a Jeep Wrangler at a high rate of speed and almost striking several children. In the criminal narrative, he wrote that "[t]he Jeep drove by at a high rate of speed, turned around and came back up Peruvian Paso Drive." The Investigating Officer, who had been jogging, went to his house and got his police cruiser and observed the

---

[1]During the pendency of this appeal, Everett Frazier was appointed Commissioner of DMV. Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, he is automatically substituted as a party.

1

petitioner driving up the road at a high rate of speed. After arrest, the petitioner was transported to the Berkeley County Sheriff's Department for processing and for administration of the secondary chemical test of the breath. The results of the secondary chemical test showed that the petitioner had a blood alcohol content ("BAC") of .270 at 5:50 p.m.

On October 17, 2012, the DMV issued an Order of Revocation revoking petitioner's driver's license for aggravated DUI on September 22, 2012. Petitioner requested a hearing on the revocation, challenging whether there was reasonable suspicion for the Investigating Officer to conduct a stop and detain him and whether he was driving while under the influence of alcohol. On October 29, 2015, a revocation hearing was held at the Martinsburg DMV Regional Office with Hearing Examiner Andrew Hunt presiding. The petitioner testified that on the day of his arrest, he left his girlfriend's apartment. As he was driving out of the neighborhood, he received a phone call. His girlfriend said she did not want to go the football game, so he turned around and went back to her apartment. Petitioner was irritated that she did not want to go to the game, so he went to another of his cars parked nearby, a Navigator, and consumed half a fifth of vodka. Petitioner testified that he left the Navigator and headed back toward the apartment when the Investigating Officer conducted a traffic stop on Peruvian Paso Drive.

When the Investigating Officer spoke to the petitioner, he detected an odor of alcohol on the petitioner's breath. After exiting his car, the petitioner was unsteady standing and walking, and he could not balance very well. The petitioner had slurred speech and glassy eyes. The Investigating Officer testified that he administered field sobriety tests. Petitioner could not keep his balance, stopped while walking, stepped off the line, raised his arms to balance, and took an incorrect number of steps and missed heel to toe while performing the walk and turn test. While performing the leg stand test, the petitioner swayed while balancing, used his arms to balance and put his foot down. The petitioner submitted to the preliminary breath test that was offered, which resulted in a .260 BAC at 5:20 p.m. A secondary chemical test taken at 5:50 p.m. showed that the petitioner had a BAC of .270.

The OAH entered its Decision of the Hearing Examiner and Final Order of the Chief Hearing Examiner entered on September 27, 2016, and rescinded the revocation of the petitioner's license for aggravated DUI. The OAH found that throughout the Investigating Officer's testimony, the officer can be observed being agitated, frustrated, amused, unprofessional, and unwilling to answer counsel's questions. The OAH further found that there was a direct conflict between the Investigating Officers testimony and petitioner's testimony regarding various issues pertaining to the reason for the stop, the time of the stop, observations made by the officer, and petitioner's performance on the field sobriety tests. The OAH also found numerous inconsistencies and discrepancies between the Investigating Officer's own testimony, his written criminal narrative, and his filed documents concerning the investigation. These discrepancies led the OAH to question the officer's credibility as a witness. Accordingly, the OAH found the petitioner's testimony to be more credible than the testimony of the Investigating Officer and ultimately found that the officer was unable to meet the burden of proof required to establish that the petitioner was intoxicated at the time he drove his vehicle. The DMV appealed the OAH's Final Order.

Following the DMV's appeal, the Kanawha County Circuit Court entered a Final Order on March 19, 2019, which reversed the September 27, 2016, OAH Order. The circuit court found that

the OAH erred in discounting the testimony of the Investigating Officer and giving an implicit credibility determination in the petitioner's favor, and determined that many of the Hearing Examiner's findings of fact are not supported by the record. Although the circuit court found issues with the testimony of both witnesses, it concluded that the Investigating Officer's evidence is cumulative, not contradictory, and the Hearing Officer simply disregarded all of the Investigating Officer's evidence based on purported conflicts in the evidence. Yet, the circuit court found that the Hearing Examiner completely disregarded the petitioner's impairment, as evidenced on the field sobriety tests, which was consistent with his known BAC of .270, as revealed by the secondary chemical test.

The circuit court found clear error in the OAH's credibility determinations and properly concluded that the outcome was not based on the totality of the evidence. The defense that the Investigating Officer's testimony was contradictory should not preclude a court from looking at the totality of the evidence. The circuit court concluded that the totality of the evidence shows that the petitioner committed the offense of aggravated DUI and the OAH's dismissal of the Investigating Officer's testimony lead to an unfounded conclusion not supported by the substantial evidence. Regardless of any physical impairment, the petitioner was driving with a BAC of .270, which is sufficient to justify the Commissioner's revocation.

> In *Frazier v. Fouch*, No. 19-0350, 2020 WL 7222839 (W. Va. Nov. 6, 2020), we reiterated the standard of review to govern this matter.
>
> > "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented de novo; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).
> >
> > "In cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law de novo." Syl. Pt. 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).
>
> Syl. Pts. 1 and 2, *Fouch*. Guided by this standard, we review petitioner's arguments.

*Frazier v. Yoder*, No. 20-0336, 2021 WL 653244, at *2 (W. Va. Feb. 19, 2021).

The circuit court found that the OAH committed clear error in failing to weigh the totality of the evidence in this case. The totality of the evidence shows that the petitioner committed the offense of aggravated DUI. The OAH's dismissal of the Investigating Officer's testimony lead to an unfounded conclusion not supported by the substantial evidence of record. All of the elements set forth in *Albrecht v. State*, 173 W. Va. 268, 314 S.E.2d 859 (1984), were met in this matter:

"[w]here there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol. Syllabus Point 2, *Albrecht v. State*, 173 W.Va. 268, 314 S.E.2d 859 (1984). Syllabus Point 2, *Carte v. Cline*, 200 W.Va. 162, 488 S.E.2d 437 (1997)." Syl. Pt. 4, *Lowe v. Cicchirillo*, 223 W.Va. 175, 672 S.E.2d 311 (2008).

Syl. Pt. 3, *Groves v. Cicchirillo*, 225 W. Va. 474, 694 S.E.2d 639 (2010).

For the foregoing reasons, the circuit court's March 19, 2019, order reversing the decision of the Hearing Examiner and Final Order of the Chief Hearing Examiner on September 27, 2017, is hereby affirmed.

Affirmed.

**ISSUED**: March 23, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING**:

Justice William R. Wooton

4