382 S.E.2d 320

**Leslie Keith SIMON**

v.

**WEST VIRGINIA DEPARTMENT OF MOTOR VEHICLES.**

No. 18770.

Supreme Court of Appeals of West Virginia.

June 8, 1989.

Charles G. Brown, Atty. Gen., Scott A. Ash, Paul E. Jordan, Asst. Attys. Gen., for Dept. of Motor Vehicles.

David Hart, Elkins, for Leslie Keith Simon.

NEELY, Justice:

The appellee, Leslie Simon, was arrested just after midnight on 25 July 1986 for driving under the influence of alcohol. The arresting officer, a state trooper, advised appellee of the implied consent law and requested that he take a breathalyzer test, which appellee refused to do. The arrest was reported to the West Virginia Department of Motor Vehicles. The DMV revoked appellee's license, and appellee requested an administrative hearing pursuant to *W.Va.Code,* 17C–5A–2 [1986].

Based on evidence taken at the hearing, the hearing examiner found that the trooper had probable cause to stop and arrest appellee and, in his final administrative order, the Commissioner of Motor Vehicles revoked appellee's license. Appellee appealed his license revocation to the circuit court.[1] The circuit court reviewed the written record of the administrative hearing, held the trooper did not have probable cause to stop and arrest appellee, and reversed appellee's license revocation. The DMV appeals the decision of the circuit court, arguing that the trooper did have probable cause to stop and arrest appellee.

disbarment, the party is permitted to petition this Court for reinstatement.

1. Decisions of state administrative agencies may be appealed to circuit courts under *W.Va.Code,* 29A–5–4 [1964].

At the administrative hearing, the state trooper testified that just after midnight on 25 July 1986, he observed appellee's vehicle continue straight at an intersection from a lane marked left turn only. The trooper followed appellee, and observed appellee's car run off the road two or three times in a half-mile. The trooper stopped appellee and detected a strong odor of alcohol on him. The trooper testified that appellee could barely walk and staggered against his vehicle. The trooper administered field sobriety tests to appellee who was unable to maintain his balance or to touch his nose with either index finger. The trooper then arrested appellee and requested that he take a breathalyzer test. When appellee refused, the trooper gave him a copy of the implied consent form, read it to him, and waited fifteen minutes, as required by statute, but appellee still refused to take the test.

Appellee said he drank only two beers, that he was not intoxicated, and that the trooper's car was tailgating him so he purposefully pulled onto the shoulder of the road to let the trooper pass. He also stated that he staggered because his leg had a lot of torn cartilage and because he was stiff from working all day. He explained the odor of alcohol by stating that he drank one beer just fifteen minutes before the stop. Appellee also testified that because he was angry, he did not pay attention to or understand the trooper when the trooper read the implied consent form. Appellee's wife testified that appellee was not intoxicated when she picked him up after the arrest.

The Commissioner revoked appellee's license after concluding that the trooper had probable cause to stop appellee; appellee was lawfully arrested for driving under the influence; and, appellee refused to submit to the breathalyzer test in spite of being properly informed of the penalties for such refusal.

The circuit court found that there was substantial conflict in the testimony as to whether appellee was driving under the influence, and that the trooper tailgated appellee, which caused appellee to run off the road. Therefore, the court held the trooper did not have probable cause to stop appellee and that his subsequent arrest and license revocation were invalid.

Syllabus Point 2 of *State v. Cook,* 175 W.Va. 185, 332 S.E.2d 147 (1985) states:

Probable cause to make an arrest without a warrant exists when the facts and circumstances within the knowledge of the arresting officers are sufficient to warrant a prudent man in believing that an offense has been committed.

■ This syllabus point refers to the test for a warrantless felony arrest. Because we are here concerned with a warrantless misdemeanor arrest, the test is slightly different. Probable cause to make a misdemeanor arrest without a warrant exists when the facts and circumstances within the knowledge of the arresting officer are sufficient to warrant a prudent man in believing that a misdemeanor is being committed in his presence. This proposition is stated in the negative in Syl. Pt. 3, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974).

A municipal police officer has no authority, at common law or by statute, to make a warrantless arrest for a misdemeanor of a person who does not commit such an offense in his presence.

*Id.,* 157 W.Va. at 640, 203 S.E.2d at 448.

■ We hold that there was probable cause to stop and arrest appellee for driving under the influence and reverse the decision of the circuit court. The uncontroverted testimony was that appellee continued straight at an intersection although he was in a lane marked left turn only. That act constituted a traffic infraction for which the trooper could stop appellee even had appellee not subsequently run off the road. Once the trooper stopped appellee, the odor of alcohol and appellee's inability to walk without staggering or to complete satisfactorily any of the field sobriety tests provided sufficient probable cause to arrest appellee for driving under the influence of alcohol. Although appellee attempted to explain his lack of balance and coordination at the hearing, no such explanation was made at the time of the arrest. Therefore,

the facts and circumstances within the trooper's knowledge at the time of the arrest were sufficient for the trooper to believe that appellee was driving under the influence.

The 17 June 1987 final order of the Commissioner revoked appellee's license for a period of ten years because appellee's license had already been revoked by the Commissioner for another incident of driving under the influence. Appellee sought judicial review of the Commissioner's final order revoking his license for the other incident and, by order dated 16 October 1987, the circuit court reversed the Commissioner's revocation for the second offense.[2] Therefore, appellee has no record of a previous revocation for driving under the influence, and the ten year revocation originally ordered by the Commissioner is no longer applicable.

Accordingly, we reverse the 20 October 1987 order of the Circuit Court of Randolph County and remand this case to the circuit court with directions to reinstate the 17 June 1987 final order of the Commissioner revoking appellee's license, and to amend such order to reduce the period of revocation from ten years to one year.

Reversed and remanded with directions.

---

2. The DMV also appealed the 16 October 1987 circuit court order reversing the Commissioner's revocation of appellee's license and we granted that petition for appeal consolidating it with the DMV's appeal of the 20 October 1987 circuit court order. However, the state filed a single brief in which it addressed only the appeal from the 20 October 1987 order. The only reference in the state's brief to the DMV's appeal of the 16 October 1987 circuit court order is a footnote which states, in part:

"Appellant failed to pursue an appeal on this matter and considers now that the October 16,

1987 order is final and binding and that there is now no record of a previous revocation."
Matters appealed but not argued in appellant's brief may be deemed to be waived. *Higginbotham v. City of Charleston,* 157 W.Va. 724, 204 S.E.2d 1 (1974), overruled on other grounds, *O'Neil v. City of Parkersburg,* 160 W.Va. 694, 237 S.E.2d 504 (1977). Therefore, we have only considered the DMV's appeal of the 20 October 1987 order, and the circuit court's order dated 16 October 1987, which reversed the Commissioner's order revoking appellee's license, still stands.