437 S.E.2d 262

**Marjorie M. DONAHUE, Plaintiff Below, Appellee,**

v.

**Jane L. CLINE, Commissioner of the West Virginia Department of Motor Vehicles, Defendant Below, Appellant.**

**No. 21490.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 1993.

Decided Oct. 28, 1993.

---

Gregory W. Sproles, Breckenridge, Davis, Sproles & Stollings, Summersville, for appellee.

Claude S. Smith, III, Asst. Atty. Gen., Charleston, for appellant.

PER CURIAM:

This is an appeal by Jane L. Cline, Commissioner of the West Virginia Department of Motor Vehicles, from an order entered by the Circuit Court of Nicholas County on March 31, 1992. That order reversed a decision of the Commissioner revoking Marjorie M. Donahue's license to drive a motor vehicle in West Virginia for a period of six months, based on the fact that Ms. Donahue had been found to have been driving a vehicle under the influence of alcohol in Nicholas County, West Virginia, on May 11, 1991. On appeal, the Commissioner claims that there was no proper basis for the circuit court to reverse the decision revoking Ms. Donahue's license and that, under the circumstances, the circuit court erred in reversing the revocation. After reviewing the questions presented and the record, this Court agrees. Accordingly, the judgment of the Circuit Court of Nicholas County is reversed.

On May 11, 1991, West Virginia State Trooper Mike Ensminger was called to the scene of an automobile accident in Craigsville, Nicholas County. Upon arriving at the scene, Trooper Ensminger observed a Nissan pick-up truck which had crashed through a fence.

Marjorie M. Donahue was seated in the driver's seat of the pick-up truck. After approaching her, Trooper Ensminger asked her if she had been driving the vehicle at the time of the accident. According to evidence later introduced in the case, Ms. Donahue indicated that she had, in fact, been the driver of the vehicle.

Trooper Ensminger noticed the odor of an alcohol beverage on Ms. Donahue's breath and requested that she perform the walk-and-turn and the one-legged field sobriety tests. According to Trooper Ensminger's testimony at a later hearing, Ms. Donahue could not perform the tests adequately, and he later had to assist her into his State Police cruiser.

According to Trooper Ensminger, he advised Ms. Donahue that she was under arrest for driving under the influence of alcohol and gave her the *Miranda* warnings. This occurred at 9:20 p.m. He asked her whether she had consumed any alcohol prior to the accident, and she indicated that she had drunk three or four beers. She also agreed to submit to a breathalyzer test. She was then transported to the Nicholas County Jail in Summersville, West Virginia, and at 10:08 p.m. she was administered a breathalyzer test. The test produced a .22% blood alcohol reading.

Following the incident, the West Virginia Department of Motor Vehicles, on May 30, 1991, notified Ms. Donahue that her West Virginia driver's license was revoked due to her arrest for driving under the influence of alcohol. The notification specified that she could request an administrative hearing.

On June 3, 1991, Ms. Donahue, through her attorney, notified the Department of Motor Vehicles that she wanted an administrative hearing and that she wished to challenge the results of the breathalyzer test.

An administrative hearing was held on September 10, 1991. At that hearing, Trooper Ensminger basically described the incident as outlined above. Evidence was also introduced showing that Ms. Donahue had worked at her job at a bar until 8:00 p.m., and that after that time she was observed to drink one beer and part of another. One witness testified that Ms. Donahue left the bar at around 8:30 p.m.

Ms. Donahue, on the other hand, testified that she was asked to perform only one field sobriety test, whereas Trooper Ensminger indicated that she had been asked to perform two tests. She also testified that she could not perform the field sobriety test because she had a broken ankle. She pointed out that Trooper Ensminger's notes indicated that she could perform a number of portions of the field sobriety test given. She testified

that she was not advised that she was under arrest when she was arrested and that, contrary to the testimony of Trooper Ensminger, she was placed in the back seat of Trooper Ensminger's cruiser rather than in the front seat when she was being transported to the Nicholas County Jail. She also indicated that she drank a cup of coffee and smoked a cigarette before she took the breathalyzer test, even though Trooper Ensminger had suggested that she have nothing to eat or drink prior to taking the test. Her evidence indicated that she had consumed one beer and a small portion of a second beer, rather than several beers as indicated by Trooper Ensminger. She also testified that Trooper Ensminger did not constantly observe her for twenty minutes prior to the administration of the breathalyzer test.

At the hearing, Ms. Donahue essentially took the position that the breathalyzer test was not administered within two hours after the time she last drove her motor vehicle.

At the conclusion of the hearing, the Commissioner of the Department of Motor Vehicles upheld the revocation of Ms. Donahue's license to operate a motor vehicle for a period of six months.

Ms. Donahue appealed to the Circuit Court of Nicholas County. The circuit court, after reviewing the record made during the administrative hearing, reversed the order revoking Ms. Donahue's license to operate a motor vehicle. In so doing, the court stated:

[T]he Court does find that the Petitioner's position with regard to the introduction of the intoxilyzer examination be sustained on the basis that there is insufficient evidence that the intoxilyzer examination was conducted within two (2) hours; that there was insufficient evidence of a valid and lawful arrest; that there was insufficient evidence of a constant twenty (20) minutes observation period of the Petitioner prior to the administration of the intoxilyzer examination. And the Court further finds that the other positions of the Petitioner are correct.

The Court does find, based on the arguments of the parties and record herein, that there was insufficient probable cause to question and therefore arrest the Peti-

tioner for the offense of driving under the influence of alcohol.

In the present proceeding, the appellant, who is the Commissioner of the West Virginia Department of Motor Vehicles, claims that the circuit court ignored the evidence and made findings inconsistent with the evidence presented at the administrative hearing. The Commissioner also claims that there was sufficient probable cause for the arrest of Ms. Donahue and that the revocation of Ms. Donahue's license' was proper. She argues that, under the circumstances, the circuit court erred in reversing her decision to revoke the license.

■ Appeals from revocation issued by the Commissioner of the West Virginia Department of Motor Vehicles are governed by the West Virginia Administrative Procedure Act. *See* W.Va.Code § 29A–1–1, *et seq.,* and W.Va.Code § 17C–5A–2. In *Gino's Pizza of West Hamlin v. West Virginia Human Rights Commission,* 187 W.Va. 312, 418 S.E.2d 758 (1992), this Court discussed when a circuit court may reverse an agency decision governed by the Administrative Procedure Act. In syllabus point 3, the Court concluded:

"Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, article 5, section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.'" Syl. pt. 2, *Shepherdstown Vol-*

*unteer Fire Dep't v. State ex rel. State Human Rights Commission,* 172 W.Va. 627, 309 S.E.2d 342 (1983).

*See also Chapman v. West Virginia Department of Motor Vehicles,* 188 W.Va. 216, 423 S.E.2d 619 (1992).

In the present case the trial court found that there was insufficient evidence to arrest Ms. Donahue, that there was insufficient evidence that there was a constant twenty minute observation of Ms. Donahue prior to the administration of the breathalyzer test, and that there was insufficient evidence that the intoxilyzer test was conducted within two hours of the arrest.

■ The evidence adduced at Ms. Donahue's hearing showed that a police officer who was investigating an accident found a vehicle lodged halfway in a fence along the side of a road. Marjorie M. Donahue was sitting in the driver's seat of the vehicle, and according to the trooper's testimony she admitted that she had been driving the vehicle. The trooper noticed the odor of alcohol on her breath. Further, according to the trooper's testimony, Ms. Donahue was unable to perform field sobriety tests adequately.

In syllabus point 1 of *State v. Byers,* 159 W.Va. 596, 224 S.E.2d 726 (1976), this Court enunciated the rule for determining when there is adequate probable cause for arresting an individual for driving a vehicle under the influence of alcohol. The Court stated:

> Under the provisions of W.Va.Code, 17C–5A–1, *as amended,* a law-enforcement officer may arrest a person and a test for blood alcohol may be administered incident thereto at the direction of the arresting officer who has reasonable grounds to believe the person to have been driving a motor vehicle upon a public highway while under the influence of intoxicating liquor.

*See also, State v. Shugars,* 180 W.Va. 280, 376 S.E.2d 174 (1988).

In the *Byers* case, the facts were somewhat similar to those presented in the present case. An accident occurred on April 14, 1973, and a state trooper arrived at the scene some twenty-five minutes after the accident. Isaac Byers was sitting upright in the vehicle in a semi-conscious state. When the trooper leaned into the vehicle, he detected the strong odor of an alcoholic beverage. The trooper believed that Mr. Byers appeared to be intoxicated. This Court concluded that there was adequate probable cause for the arrest.

In the present case, the Court believes that the facts were sufficiently similar to the Byers case for Trooper Ensminger to believe that Ms. Donahue was under the influence of alcohol and that his testimony demonstrated that he had "reasonable grounds to believe the person [Ms. Donahue] to have been driving a motor vehicle upon a public highway while under the influence of intoxicating liquor."

The Court notes that the circuit court also found that there was insufficient evidence that Ms. Donahue had been observed constantly for twenty minutes prior to the administration of the breathalyzer test and that there was insufficient evidence that the test had been administered within two hours of the time she last operated her vehicle.

Trooper Ensminger's testimony indicated that he continuously observed Ms. Donahue from the time of her arrest at 9:20 p.m. until the breathalyzer test was administered at 10:08 p.m., a period of more than twenty minutes. The evidence also shows that Ms. Donahue did not leave work until after 8:00 p.m. and that the breathalyzer test was administered at 10:08 p.m.

■ This Court, in conjunction with appeals under the Administrative Procedures Act, has indicated that a reviewing court must evaluate the record of the agency's proceedings to determine whether there is evidence on the record as a whole to support the agency's decision. The evaluation is to be conducted pursuant to the administrative body's findings of fact regardless of whether the court would have reached a different conclusion on the same set of facts. *Gino's Pizza of West Hamlin, Inc. v. West Virginia Human Rights Commission, supra.*

■ Although Ms. Donahue sought to contradict Trooper Ensminger's testimony during the revocation hearing, in this Court's view the Commissioner's finding was sup-

ported by competent evidence. Trooper Ensminger's testimony was that he, in effect, continuously observed Ms. Donahue for more than twenty minutes, and the evidence shows that Ms. Donahue did not leave work until after 8:00 p.m., and the test was administered at 10:08 p.m. After she got off work, she drank at least one beer and part of another. Some time had to pass for her to enter the vehicle, drive away from the bar, and have the wreck. There was, therefore, a reasonable basis to conclude that the test was administered within two hours of the time she last operated the vehicle, especially in view of the fact that there was additional evidence that she did not leave the bar until approximately 8:30 p.m.

In view of all this, this Court believes that the Circuit Court erred in setting aside the Commissioner's findings and in adopting findings consistent with Ms. Donahue's testimony.

For the reasons stated this Court believes that the Circuit Court of Nicholas County erred in setting aside the Commissioner's revocation of Ms. Donahue's drivers license and that the decision of the circuit court should be reversed and the revocation reinstated.

Reversed and revocation reinstated.