No. 14-0103 -    *Patricia S. Reed, Commissioner, West Virginia Division of Motor Vehicles v. Jeffrey Hill*

**FILED**

**February 27, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Davis, Justice, dissenting:

In this proceeding, the lower tribunals found that Jeffrey Hill was unlawfully arrested. Therefore, his driver's license was improperly revoked. In this appeal, the Commissioner of the Division of Motor Vehicles argued that the arresting officer properly administered the preliminary breath test ("PBT"). Therefore, the arrest of Mr. Hill was legal. The majority opinion found that, even though the PBT test was invalid, the arrest for DUI was lawful. For the reasons set out below, I dissent.

### *Under the Majority Opinion, Field Sobriety Tests No Longer Need Be Given to Support an Arrest for DUI after a Routine Stop of a Vehicle*

The majority opinion correctly points out that the police officer conceded that Mr. Hill passed the one leg stand and walk and turn field sobriety tests. The officer submitted documentation showing that, at the time of his arrest, Mr. Hill failed the horizontal gaze nystagmus ("HGN") test. However, during the administrative hearing the officer testified that Mr. Hill, in fact, *had passed* the HGN test. The majority opinion, like the lower tribunals, accepted the officer's administrative hearing testimony that Mr. Hill passed the HGN test.

1

Because the lower tribunals determined that Mr. Hill *had passed all tests* administered by the arresting officer, the dispositive issue here is whether the PBT was properly administered. To be clear, the Commissioner's brief implicitly conceded that if the PBT was improperly administered, probable cause to arrest Mr. Hill *did not exist*.

This Court previously has recognized that, under the DUI statute, it was required that Mr. Hill be "lawfully placed under arrest for an offense involving driving under the influence of alcohol[.]" *Dale v. Ciccone*, 233 W. Va. 652, 659, 760 S.E.2d 466, 473 (2014) (internal quotation marks and citation omitted). A lawful arrest is required for the police to administer a secondary chemical test. *See* W. Va. Code § 17C-5-4(c) (2013) (Repl. Vol. 2013). The Commissioner cited the following as establishing probable cause to arrest Mr. Hill:

> Dep. Delgado had reasonable grounds to believe [Mr. Hill] was driving under the influence from his near head-on collision with Dep. Delgado, his admission of drinking four beers, the odor of alcohol on his breath, bloodshot and glassy eyes, unsteadiness while standing, and excited and slightly slurred speech. This was sufficient basis for Dep. Delgado to administer the PBT. Once [Mr. Hill] *failed the test*, Dep. Delgado had reasonable grounds to believe that [Mr. Hill] was under the influence, and [Mr. Hill] was lawfully arrested.

(Emphasis added).

It is clear from the Commissioner's argument that the determination of

2

probable cause to arrest Mr. Hill did not occur until *after he failed the PBT. See Hill v. Cline*, 193 W. Va. 436, 440, 457 S.E.2d 113, 117 (1995) ("After [the driver] failed the sobriety tests, probable cause existed to arrest [him] for driving under the influence."). Correctly, the majority opinion, like the lower tribunals, concluded that the PBT was invalid because the police officer did not wait the required amount of time before administering the test. *See Davis v. Miller*, No. 11-1189, 2012 WL 6097655, at *1 n.2 (W. Va. Dec. 7, 2012) (memorandum decision) ("[T]he results of the preliminary breath test 'cannot be given any weight because the record reflects that it was administered two minutes after the Arresting Officer's initial contact with [petitioner] and therefore the fifteen minute time-frame was not adhered to in accordance with the guidelines.'"). The lower tribunals correctly determined that because the PBT was invalid, no legal basis existed for the officer to arrest Mr. Hill. The majority opinion disagreed and found that, even though Mr. Hill passed the one leg stand, walk and turn, and HGN tests, and that the PBT was invalid, the officer nevertheless had probable cause to arrest Mr. Hill.

Under the facts of this case, the majority decision has drastically altered the probable cause standard for a DUI arrest of a motorist during a routine stop of a vehicle based on reasonable suspicion. For example, under the new standard articulated by the majority, if a police officer stops a vehicle because of an expired registration sticker and smells alcohol, notices glassy eyes, slurred speech, and unsteadiness in standing, the officer

3

may immediately arrest the driver and require the driver to take a secondary chemical test. In other words, it matters not that the driver passed all field sobriety tests–because, under the majority's new standard, the police can dispense with performing field sobriety tests.

This new standard imposed by the majority is unworkable and will lead to numerous DUI arrests that, like the instant case, are based on suspicion, not probable cause. Our law on probable cause in general has been stated as follows:

> Probable cause to make a misdemeanor arrest without a warrant exists when the facts and circumstances within the knowledge of the arresting officer are sufficient to warrant a prudent man in believing that a misdemeanor is being committed in his presence.

Syl., *Simon v. West Virginia Dep't of Motor Vehicles*, 181 W. Va. 267, 382 S.E.2d 320 (1989). *See* Syl. pt. 2, *Carroll v. Stump*, 217 W. Va. 748, 619 S.E.2d 261 (2005) ("A person is 'charged' with an offense, for the purposes of W. Va. Code § 17C-5A-1 (1994), when he or she is lawfully arrested by a law-enforcement officer having probable cause to suspect the person was driving a motor vehicle under the influence of alcohol, controlled substances or drugs."). In the instant case, it is clear that the police officer did not have probable cause to arrest Mr. Hill without, at a minimum, showing that he failed the PBT. The Commissioner knew this and therefore based its argument entirely upon the validity of the PBT test to support the arrest. Simply put, the majority opinion has carved out a standard that gives police officers absolute discretion to arrest citizens for DUI on only mere suspicion!!!

4

Let me be clear. Our cases do recognize that there can be circumstances where field sobriety tests cannot be administered; yet, an arrest for DUI may ensue. For example, this situation may arise because of an accident that required the driver to be taken to a hospital. *See* Syl. pt. 1, *State v. Franklin*, 174 W. Va. 469, 327 S.E.2d 449 (1985) ("Since the offense of driving under the influence of alcohol resulting in death . . . may be, depending on the circumstances, either a felony or misdemeanor, a lawful, warrantless arrest may be made, upon reasonable suspicion of probable cause, at a hospital by an officer before whom the offence was not committed if the suspect has been taken to the hospital from the scene of the accident for emergency medical care."). *See also State v. Shugars*, 180 W. Va. 280, 376 S.E.2d 174 (1988) (trooper informed defendant at hospital that he was being charged). However, until the majority opinion in the instant case, the decisions of this Court have always required evidence of failed field sobriety tests to support an arrest after a routine stop of a vehicle on mere suspicion.[1] I strongly disagree with the majority's deviation from our

---

[1]*See, e.g.*, *Dale v. Odum*, 233 W. Va. 601, 760 S.E.2d 415 (2014) (failed the field sobriety tests and preliminary breath test); *Carroll v. Stump*, 217 W. Va. 748, 619 S.E.2d 261 (2005) (failed several field sobriety tests); *State v. Davisson*, 209 W. Va. 303, 547 S.E.2d 241 (2001) (defendant failed field sobriety tests); *State ex rel. State v. Gustke*, 205 W. Va. 72, 516 S.E.2d 283 (1999) (driver failed a series of field sobriety tests); *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996) (failed field sobriety tests); *Hill v. Cline*, 193 W. Va. 436, 457 S.E.2d 113 (1995) (defendant failed field sobriety tests); *Donahue v. Cline*, 190 W. Va. 98, 437 S.E.2d 262 (1993) (driver was unable to perform field sobriety tests adequately); *Cunningham v. Bechtold*, 186 W. Va. 474, 478, 413 S.E.2d 129, 133 (1991) (driver was unable to satisfactorily complete any of the field sobriety tests given to him); *Simon v. West Virginia Dep't of Motor Vehicles*, 181 W. Va. 267, 382 S.E.2d 320 (1989) (failed field sobriety test). *See also Commissioner of West Virginia Div. of Motor Vehicles v. Brewer*, No. 13-0501, 2014 WL 1272540 (W. Va. Mar. 28, 2014) (memorandum decision) (driver failed

well-settled law.

Consequently, I dissent.

---

field sobriety tests).