# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0132** (Preston County 13-M-AP-2)

**Lynda R. Farley, Defendant Below,
Petitioner**

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Lynda R. Farley, by counsel Richard K. Wehner, appeals the Circuit Court of Preston County's January 8, 2014, order affirming petitioner's conviction for violating West Virginia Code § 17C-15-26(b). The State of West Virginia, by counsel Derek A. Knopp, filed its response in support of the circuit court's order. Petitioner filed a reply brief. On appeal, petitioner argues that the circuit court erred in concluding that the police officer had reasonable suspicion necessary to warrant a traffic stop, in finding petitioner's conviction under West Virginia Code § 17C-15-26(b) did not violate her rights under the First Amendment to the United States Constitution nor Article III, Section 7 of the West Virginia Constitution, and that the circuit court erred in finding that no *Brady*[1] violation occurred.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2013, petitioner was pulled over in Preston County, West Virginia for driving a vehicle with a lamp or device on the vehicle displayed other than white or amber lights visible from directly in front of the vehicle, in violation of West Virginia Code § 17C-15-26(b). The criminal complaint indicates that petitioner was observed driving a minivan with multi-colored lights lining the front, sides, and rear of the van. Red, blue, green, purple, and orange stars were lit up and facing forward on the roof of the minivan. Petitioner was advised that she could not have multi-colored lights lit while traveling in the vehicle. Petitioner declined to turn the lights off. Petitioner was advised that if she refused to comply, she would be arrested for her non-compliance. Petitioner then turned her lights off. Petitioner was issued a citation for the forward facing lights on the roof of her minivan.

---

[1]*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) (outlining the three requirements of a constitutional due process violation).

In September of 2013, petitioner appeared before the Magistrate Court of Preston County to challenge the citation. Following a bench trial, she was found guilty for violating West Virginia Code § 17C-15-26(b). Petitioner subsequently appealed the decision to the Circuit Court of Preston County and the circuit court held a bench trial on December 27, 2013. The circuit court found that petitioner's minivan was covered with various lights, signs, slogans, and decorations. It found that the minivan had lights around the top outer edge on the driver's side of the car and had multi-colored lights above the windshield. On January 8, 2014, the circuit court entered an order affirming petitioner's conviction pursuant to West Virginia Code § 17C-15-26(b).

Petitioner now appeals the circuit court's January 8, 2014, order. We apply the following standard of review:

> In reviewing challenges to findings and rulings made by a Circuit Court, the appellate court will apply a two-pronged deferential standard of review, and it will review the rulings of the Circuit Court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and it will review the Circuit Court's underlying factual findings under a clearly erroneous standard, whereas questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

On appeal, petitioner raises three assignments of error. First, petitioner argues that the police officer performing the traffic stop did not have reasonable suspicion to stop petitioner because he incorrectly believed that the lights on the side of her minivan were prohibited under West Virginia law. We have stated that "[p]olice officers may stop a vehicle to investigate if they have an articulable reasonable suspicion that the vehicle is subject to seizure or a person in the vehicle has committed, is committing, or is about to commit a crime." Syl. Pt. 1, in part, *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994). The reasonable suspicion standard is "a less demanding standard than probable cause[.]" *Id.* at 432, 452 S.E.2d at 890 (quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)). Furthermore, "[w]hen evaluating whether or not particular facts establish reasonable suspicion, one must examine the totality of the circumstances, which includes both the quantity and quality of the information known by the police." *Id.* 429, 452 S.E.2d 886, 887, Syl. pt. 2.

Petitioner fails to articulate how the circuit court's factual findings were clearly erroneous. West Virginia Code § 17C-15-26(b) provides, in part, that "[n]o person may drive or move any vehicle or equipment upon any highway with any lamp or device on the vehicle displaying other than a white or amber light visible from directly in front of the center of the vehicle except as authorized by subsection (d) of this section." The circuit court found that petitioner was pulled over for a traffic stop because of the colored lights on her minivan and that the officer performing the traffic stop testified that he told petitioner that she could not have multi-colored, forward facing lights on her minivan. Therefore, we find that the police officer performing the traffic stop had the requisite reasonable suspicion to warrant a stop as he observed petitioner displaying forward-facing, multi-colored lights around the top of the windshield in violation of West Virginia Code § 17C-15-26(b). Additionally, the circuit court

2

found that petitioner having multi-colored lights on the side of her vehicle would also violate West Virginia Code § 17C-15-26(b). The circuit court concluded that West Virginia Code § 17C-15-26(b) prohibits any color of lights from being projected from the sides of a vehicle, reasoning that reading West Virginia Code § 17C-15-26(b) with West Virginia Code § 17C-15-18 and West Virginia Code § 17C-15-19(b) supported this conclusion and gave the officer reasonable suspicion necessary to warrant a traffic stop of petitioner's minivan. For these reasons, we find that the circuit court did not err in concluding petitioner was entitled to no relief in this regard.

Petitioner's second assignment of error is that the circuit court erred in finding petitioner's conviction under West Virginia Code § 17C-15-26(b) neither violates her rights under the First Amendment to the United States Constitution nor Article III, § 7 of the West Virginia Constitution. Petitioner asserts on appeal that the use of multi-colored lights on her minivan is part of her art and necessary for her to display her political and religious messages. Petitioner argues that a citation for displaying multicolored lights on her minivan impermissibly burdens her free speech rights. However, petitioner incorrectly relies on *Bridges v. State of California*, 314 U.S. 252, 62 (1941), arguing that the "substantive evil of speech must be extremely high before utterances can be punished" and that there is no evidence that the lights on her minivan are of a serious nature.

First, the *Bridges* case is distinguishable from petitioner's case because the conviction in *Bridges* related to comments made pertaining to pending litigation published in newspapers and not to the use of multi-colored lights as expressive conduct. *Id.* at 258. Second, the state legislature in *Bridges* provided no direction on how comments or publications regarding pending litigation outside the courtroom would be punished. *Id*. at 260. However, the West Virginia Legislature has directly prohibited the exact conduct at issue in the instant case by enacting West Virginia Code § 17C-15-26(b); thus, petitioner's reliance on *Bridges* is misplaced and not persuasive. The circuit court properly found that West Virginia Code § 17C-15-26(b) does not prohibit petitioner from displaying her political and religious message, but rather prohibits petitioner, and any other users of the State's highways, from using anything other than white or amber colored lights visible from the front center of the vehicle. Finally, the United States Supreme Court has expressly declined to "accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *United States v. O'Brien*, 391 U.S. 367, 376, 88 S. Ct. 1673, 1678, 20 L. Ed. 2d 672 (1968). For these reasons we find that, the circuit court correctly held that petitioner's conviction did not violate her constitutional rights.

Petitioner's third and final assignment of error is that the circuit court erred in finding that no *Brady* violation occurred when the State failed to furnish the police officer's "dash cam" video of the traffic stop. We have previously held that

> [t]here are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed. 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the state, either willfully or

inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

Syl. Pt. 2, *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007). The State asserted at trial that the video was stored on a hard drive that was damaged and, therefore, unavailable. Petitioner argues that the State is obligated to preserve and/or revive the crashed hard drive in order to make available to petitioner any pertinent evidence of lack of probable cause and violation of her First Amendment rights.

Upon review, we find that petitioner fails to demonstrate any of the three components necessary for a true *Brady* violation. First, petitioner fails to demonstrate in her appeal how the dash cam video was either favorable to her as exculpatory or impeachment evidence or how the lack of video was prejudicial to her defense. Petitioner simply asserts that the evidence is pertinent given her argument that the officer's memory at trial differs from what the dash cam recorded. The circuit court properly refuted petitioner's argument by finding that she was pulled over for a traffic stop because of all the colored lights on her minivan and that the officer testified that he told petitioner that she could not have multi-colored, forward facing lights on her minivan. Further, petitioner had the benefit of an audio recording of the traffic stop, the ability to cross-examine the police officer, and photographs of her minivan. It is unclear as to what the dash cam video of the traffic stop would have provided petitioner in support of her defense. As such, we find that the dash cam evidence was neither exculpatory nor useful as impeachment evidence and was further immaterial given the availability of other similar evidence.

Finally, petitioner fails to demonstrate in her appeal that the State willfully or inadvertently suppressed the dash cam video. Evidence is considered suppressed for *Brady* purposes when

> "the existence of the evidence was known, or reasonably should have been known, to the government, the evidence was not otherwise available to the defendant through the exercise of reasonable diligence, and the government either willfully or inadvertently withheld the evidence until it was too late for the defense to make use of it." *United States v. Knight*, 342 F.3d 697, 705 (7th Cir.2003).

*State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007). Petitioner provides no evidence that the State willfully or inadvertently suppressed the dash cam video or that the video existed at the time of discovery. Petitioner's only contention is that hard drives can potentially be restored. Accordingly, we reject petitioner's *Brady* claim, as it is clear that the State was not in possession of the evidence in question.

Petitioner also asserts that the officer's threat to arrest her for non-compliance was excessive and renders the arrest and conviction invalid. The circuit court properly denied this claim concluding that "[p]robable cause to make a misdemeanor arrest without a warrant exists when facts and circumstances within the knowledge of the arresting officer are sufficient to warrant prudent man in believing that a misdemeanor is being committed in his presence." (quoting *Simon v. W. Va. Dep't of Motor Vehicles*, 181 W.Va. 267, 282, 382 S.E.2d 320, 335

(1989)). In the instant case, the police officer advised petitioner to turn off her multi-colored lights and she initially refused to turn them off. The police officer further advised that if she did not comply, petitioner would be arrested for her non-compliance. The circuit court did not err in finding that the officer had sufficient facts to believe that petitioner was committing a misdemeanor in his presence. Thus, we find no error.

For the foregoing reasons, we find no error in the circuit court's January 8, 2014, order and we hereby affirm the same.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II