# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 18-0296** (Wood County 17-M-AP-5)

**Jonathan Thomas Wright,**
**Defendant Below, Petitioner**

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jonathan Thomas Wright, by counsel Joseph H. Spano, Jr., appeals the Circuit Court of Wood County's March 5, 2018, order denying his appeal of his conviction in magistrate court of driving under the influence. The State, by counsel Holly M. Flanigan, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in declining to review whether the criminal complaint against petitioner was valid, finding that the requisite twenty-minute waiting period prior to petitioner's secondary breath test was satisfied, and finding that the totality of the circumstances was sufficient for the officer to arrest petitioner for driving a motor vehicle under the influence of alcohol. Additionally, petitioner argues that the circuit court erred in denying his motion to grant the circuit court appeal due to the untimely filing of a response by the prosecution.[1]

---

[1]Petitioner also alleges that the circuit court erred in failing to "rule on specific arguments in [petitioner's] Amended Motion to Dismiss." However, petitioner did not file a motion to dismiss in circuit court. The motion petitioner is referring to was filed in magistrate court and subsequently denied, and the record is clear that petitioner's appeal to the circuit court did not contain these arguments. "'This Court will not consider questions, nonjurisdictional in their nature, not acted upon by the circuit court as an intermediate appellate court.' Syllabus point 1, *Pettry v. Chesapeake & Ohio Railway Company,* 148 W.Va. 443, 135 S.E.2d 729 (1964)." Syl. Pt. 2, *Haines v. Kimble,* 221 W. Va. 266, 654 S.E.2d 588 (2007). Petitioner also includes several documents in the appendix record that were not part of the record below. These documents will not be considered on appeal. This Court has stated that "our review is limited to the record as it stood before the circuit court at the time of its ruling." *Powderidge Unit Owners Ass'n v. Highland Properties*, 196 W. Va. 692, 700, 474 S.E.2d 872, 880 (1996).

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 7, 2017, Officer Semones of the Parkersburg Police Department responded to a call from petitioner regarding a complaint that a suspicious individual was at his location and possibly using drugs. Officer Semones responded to the scene around 5:00 a.m. and noticed a motor vehicle parked in a residential area on Chestnut Street. Petitioner was found in the driver's seat of the vehicle. The key was in the ignition and the engine was running. There were no other passengers in the vehicle other than petitioner, and no other individuals were at the scene, except for assisting officers. Officer Semones questioned petitioner about why he was at that location. Petitioner responded that he was there to see a friend, but did not know his friend's name. Officer Semones obtained petitioner's driver's license and determined that his residence was somewhere other than Chestnut Street. Officer Semones detected the odor of an alcoholic beverage and asked petitioner to exit the vehicle. Upon exiting the vehicle, Officer Semones observed that petitioner demonstrated impaired balance, bloodshot eyes, and slurred speech. Officer Semones administered three field sobriety tests, which petitioner failed. A preliminary breath test registered the presence of alcohol. Petitioner told Officer Semones that he drank one beer and did not remember driving to the location. Petitioner also told Officer Semones of one other occasion wherein he drank alcohol with his medication, which caused him to black out and sleepwalk. Officer Semones arrested petitioner for driving under the influence ("DUI") and transported him to the police department for further testing. During the five minute drive to the police station, Officer Semones did not observe petitioner consume anything or regurgitate.

Petitioner was placed in a holding room, referred to as the DUI room. Officer Semones obtained an implied consent form, reviewed it with petitioner, and petitioner signed the form. Officer Semones was present in the room with petitioner for twenty minutes, with the exception of ten seconds when he went to a connecting room to retrieve latex gloves. While he was gone, an assisting officer was in the room with petitioner. Officer Semones later testified at trial that he did not hear or smell anything to indicate that petitioner vomited. Petitioner submitted to the Intoximeter secondary test and produced a result of .132 blood-alcohol content. A change of shift for the officers occurred before the criminal complaint was sworn before a magistrate and petitioner was arraigned. Officer Bosley appeared at the arraignment and filed the criminal complaint. On June 1, 2017, the magistrate court entered a final order following a jury trial finding petitioner guilty of driving under the influence and sentenced petitioner to forty-eight hours of incarceration and the minimum fine. Thereafter, petitioner appealed that order to circuit court. In its final order, the circuit court addressed petitioner's assigned errors.

First, the circuit court provided a detailed discussion regarding the twenty-minute observation period required by West Virginia C.S.R. § 64-10-7.2(a) (2005), which provides as follows:

> The law enforcement officer shall keep the person being tested under constant observation for a period of twenty minutes before the test is administered to insure that the person has nothing in his or her mouth at the time of the test and that he or she has had no food or drink or foreign matter in his or her mouth during the observation period.

The circuit court explained that it reviewed a video record from the time Officer Semones and petitioner entered the DUI room until petitioner blew into the Intoximeter and several minutes thereafter. The circuit court also reviewed Officer Semones's testimony from the magistrate court trial. The circuit court noted that petitioner was never alone in the DUI room, but that when Officer Semones left the room for approximately ten seconds to retrieve plastic gloves, another officer was present in the room with petitioner, although he was on his telephone. During this ten-second period of time, according to the circuit court, the officer was "no more than two or three feet away from [petitioner] who makes no movement or gesture indicative of regurgitation." According to the circuit court, petitioner blew into the Intoximeter approximately twenty-three minutes and twenty-two seconds after signing the implied consent statement. Officer Semones's testimony also established that he left the DUI room for ten seconds to retrieve plastic gloves from an adjacent room. According to his testimony, the two rooms were not separated by a door and Officer Semones had the ability to hear any noise in the DUI room. He testified that while he was gone, he did not hear petitioner cough or vomit and upon his return to the DUI room, he did not smell anything to indicate that petitioner regurgitated or vomited. The circuit court concluded that the observation requirement under West Virginia C.S.R. § 64-10-7.2(a) (2005) was satisfied.

Second, the circuit court addressed petitioner's argument regarding whether the totality of the circumstances was sufficient for the officer to arrest petitioner for driving a motor vehicle under the influence of alcohol when he did not see petitioner drive the vehicle. The circuit court noted that the offense of driving under the influence of alcohol does not have to be committed in the presence of a police officer in order to justify a warrantless arrest. *See*, *e.g*., *State v. Byers*, 159 W. Va. 596, 224 S.E.2d 726 (1976). Furthermore, the offense does not require that the police officer actually see or observe a person operating a motor vehicle before the officer can charge the person "so long as all the surrounding circumstances indicate the vehicle could not otherwise be located where it is unless it was driven there by that person." *Carte v. Cline*, 200 W. Va. 162, 167, 488 S.E.2d 437, 442 (1997). The circuit court went on to discuss Officer Semones's testimony regarding his observations at the scene. Officer Semones found petitioner in the driver's seat of the vehicle with the keys in the ignition and the engine running. He testified that petitioner did not live in the house in front of which the vehicle was parked; petitioner did not know where exactly he was; he gave no explanation as to how the vehicle got to the location; and there were no other persons with petitioner. Officer Semones also testified that he did not see any alcoholic beverages in the vehicle, but that he detected an odor of alcohol about petitioner. According to Officer Semones's testimony, upon exiting the vehicle, petitioner demonstrated impaired balance, bloodshot eyes, and slurred speech. He proceeded to fail three field sobriety tests. The circuit court concluded that, based on a totality of the circumstances, there was more than sufficient evidence for Officer Semones to arrest petitioner for DUI.

3

Third, the circuit court addressed petitioner's argument that the criminal complaint was invalid because the arresting officer did not sign it or appear at petitioner's arraignment. Despite stating that this issue was not reviewable because it was first raised on appeal, the circuit court proceeded to address the issue. First, the circuit court stated that Rule 4 of the Rules of Criminal Procedure for Magistrate Courts "governs issuance of arrest warrants or summons upon complaint and requires that it appear from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it." Additionally Rule 4(b) of the Rules of Criminal Procedure for Magistrate Courts provides that the finding of probable cause "may be based upon hearsay evidence in whole or in part." According to the circuit court, there is no requirement that the arresting or investigating officer is the only officer who may present a criminal complaint to a magistrate. The circuit court concluded that there was "absolutely no requirement that an officer who presents and swears to or affirms a complaint before a magistrate shall have personally witnessed the alleged offense. Neither Rule 4 nor W. Va. Code [§] 62-1-1 mandates such a condition."

Lastly, the circuit court addressed petitioner's argument regarding the State's late response to his petition for appeal to the circuit court. The response was to be filed by Friday, December 1, 2017, and was not filed until Monday, December 4, 2017. The circuit court concluded that petitioner did "not contend he was prejudiced and the [c]ourt finds no prejudice in the State's [r]esponse being filed on December 4, 2017." Ultimately, the circuit court denied petitioner's appeal by order entered on March 5, 2018. It is from this order that petitioner appeals.

We have previously held as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 2, *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000). Upon our review, we find no error in the circuit court denying petitioner's appeal.

On appeal, petitioner argues that the circuit court erred in declining to review the validity of the criminal complaint. Petitioner states that the circuit court erroneously found this issue was raised for the first time on appeal. However, petitioner ignores the fact that the circuit court addressed the merits of this claim and found that there was "no requirement that an officer who presents and swears to or affirms a complaint before a magistrate shall have personally witnessed the alleged offense. Neither Rule 4 nor W.Va. Code [§] 61-1-1 mandates such a condition." Petitioner asserts that this finding was erroneous. Petitioner contends that the criminal complaint was invalid because the arresting officer, Officer Semones, did not sign the criminal complaint or

4

attend petitioner's arraignment.[2] Officer Bosley, who was never on the scene and had no personal knowledge of the alleged offense, signed the complaint and appeared for the arraignment. According to petitioner, a police officer who had "no direct knowledge, who was not present when the offense was supposedly committed, who did not prepare the police report, the WV DUI Information Sheet, or the criminal complaint, and who did not participate" in the process cannot swear to the truth and accuracy of the facts in the case.

West Virginia Code § 62-1-5(a)(1) provides, in relevant part, that "any person making an arrest without a warrant for an offense committed in his presence *or as otherwise authorized by law*, shall take the arrested person without unnecessary delay before a magistrate of the county where the arrest is made." (Emphasis added). Further, "[i]f a person arrested without a warrant is brought before a magistrate, a complaint shall be filed forthwith in accordance with the requirements of rules of the Supreme Court of Appeals." W. Va. Code § 62-1-5(a)(2). Rule 3 of the Rules of Criminal Procedure for Magistrate Courts provides that

> [t]he complaint shall be presented to and sworn or affirmed before a magistrate in the county where the offense is alleged to have occurred. Unless otherwise provided by statute, the presentation and oath or affirmation shall be made by a prosecuting attorney or a law enforcement officer *showing reason to have reliable information and belief.* If from the facts stated in the complaint the magistrate finds probable cause, the complaint becomes the charging instrument initiating a criminal proceeding.

(Emphasis added). Lastly, Rule 4 of the Rules of Criminal Procedure for Magistrate Court provides that "[t]he finding of probable cause may be based upon hearsay evidence in whole or in part." Here, the record shows that a shift change of officers occurred just prior to petitioner's arraignment in magistrate court. However, the Rules of Criminal Procedure for Magistrate Court authorize someone other than the arresting officer to swear to the criminal complaint. There was no evidence to indicate that Officer Bosley had unreliable information regarding the facts of the criminal complaint just because he was not the arresting officer or present at the scene of the alleged crime. Therefore, we find no error in the circuit court's finding that there is no requirement that an officer who presents and swears to a complaint before a magistrate must personally witness the alleged offense.

Next, petitioner argues that the circuit court erred finding that the twenty-minute waiting period prior to petitioner's Intoximeter test was satisfied.[3] Petitioner alleges that the circuit court

---

[2]Petitioner also argues that Officer Semones failed to sign the West Virginia DUI information sheet. However, petitioner failed to raise this issue on appeal to the circuit court. Therefore, we will not address issues related to the validity of the DUI information sheet. *See Haines,* 221 W. Va. at 268, 654 S.E.2d at 590.

[3]Again, petitioner raises additional arguments in support of this assignment of error that were not raised on appeal to circuit court. These arguments will not be considered. *See Haines,* 221 W. Va. at 268, 654 at 590.

misstated that the argument on appeal to the circuit court was that the twenty-minute period of observation was not completed before petitioner submitted to the secondary breath test by the Intoximeter. Petitioner asserts that the actual argument made below was that the twenty-minute observation period prior to the Intoximeter testing was not continuous as required by West Virginia C.S.R. § 64-10-7.2(a) (2005). Petitioner contends that "for a significant period of time during the 20 minute observation period, Officer Semones was no longer in close proximity to [petitioner] who showed signs of regurgitation while Officer Powers was in the room with his back to [petitioner], talking on a cell phone, and rocking in his chair." Further, petitioner argues that petitioner "waved his arms and then covered his mouth with his hand trying to get the attention of the police officers but they did not respond." Petitioner further alleges that Officer Semones, himself, was required to provide an uninterrupted twenty-minute observation period. We find petitioner's arguments meritless.

The waiting period prior to giving a secondary breath test is governed by West Virginia C.S.R. § 64-10-7.2(a) (2005), which provides as follows:

> The law enforcement officer shall keep the person being tested under constant observation for a period of twenty minutes before the test is administered to insure that the person has nothing in his or her mouth at the time of the test and that he or she has had no food or drink or foreign matter in his or her mouth during the observation period.

The purpose of the waiting period is to ensure that the person submitting to the test does not put any substances into his mouth "such as food, drink, or regurgitation by burping or by hiccoughing, that would have had a contaminating impact on the accuracy of the results, and to permit a sufficient lapse in time to allow such possible contaminants to clear." *Dale v. McCormick*, 231 W. Va. 628, 634, 749 S.E.2d 227, 233 (2013) (citation omitted). The Court clarified that the regulation does not require the observation to be made by the person who administers the Intoximeter test. *Id.* at 634-35, 749 S.E.2d at 233-34. Additionally, this Court has held that

> [t]he requirement in West Virginia C.S.R. § 64–10–7.2(a) (2005) that a law enforcement officer shall keep the person being tested under constant observation for a period of twenty minutes before administering a secondary chemical breath test does not require uninterrupted visual monitoring. The observation may be accomplished by the officer's use of his or her visual, auditory, and olfactory senses.

Syl. Pt. 6, *Reed v. Hill*, 235 W. Va. 1, 770 S.E.2d 501 (2015).

Here, the record shows that approximately twenty-three minutes expired from the time petitioner signed the implied consent form until the Intoximeter breath test was administered. The record also shows that while Officer Semones did leave the DUI room for approximately ten seconds to retrieve plastic gloves, he was in close proximity in an adjacent room. The two rooms were not separated by a door and Officer Semones testified that he could hear if petitioner belched or regurgitated. Officer Semones testified that he did not hear or smell anything that

would indicate that petitioner regurgitated during the time he was out of the room. The record also shows that an assisting officer was present in the DUI room while Officer Semones went to the adjacent room. Although he had his back toward petitioner, the assisting officer was right next to petitioner, approximately two to three feet away.

We have held that "[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion." *State v. Guthrie*, 205 W. Va. 326, 332, 518 S.E.2d 83, 89 (1999) (quoting *State v. Louk*, 171 W. Va. 639, 643, 301 S.E.2d 596, 599 (1983)). In the matter at hand, the circuit court stated that "the magistrate hearing [p]etitioner's motion to suppress [the Intoximeter results] made a credibility determination respecting Officer Semones' testimony which together with her view of the video recording caused her to determine that the required observation period had been satisfied." We have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). The circuit court also reviewed the video recording as well as the testimony and ultimately concluded that the observation requirement was satisfied. Based upon the evidence discussed above, we find no error in the circuit court's finding that the observation requirement was satisfied.

Next, petitioner argues that the circuit court erred in finding that the totality of the circumstances was sufficient for the officer to arrest petitioner for driving a motor vehicle under the influence of alcohol.[4] In support, petitioner asserts that Officer Semones did not see him driving the vehicle and that the 911 call he was responding to made no mention of a vehicle. Petitioner asserts that the circuit court gave weight to the fact that petitioner was in a neighborhood in which he did not live, even though he said he was there to see a friend. Petitioner further contends that the circuit court ignored Officer Semones's testimony that the vehicle "could have gotten where it was by numerous means other than [petitioner] driving while intoxicated."[5]

In addressing warrantless misdemeanor arrests for DUI, this Court has held that the "offense does not have to be committed 'in the presence' of the officer." *Byers*, 159 W. Va. at 603, 224 S.E.2d at 731. Instead, the officer need only have reasonable grounds to believe the

---

[4]In this section of his argument, petitioner references other arguments that will not be considered by this Court. *See Haines,* 221 W. Va. at 268, 654 S.E.2d at 590.

[5]Petitioner also argues that "the Court erroneously puts the burden of proof on [petitioner] requiring him to provide proof that someone else was driving him." However, petitioner fails to provide any citation to the record regarding this assertion, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure which provides that the argument must contain "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." Therefore, we decline to address this argument.

person to have been driving a motor vehicle while in an impaired state. *See id*. This Court also explained that, in regard to a DUI offense

> W.Va.Code § 17C–5A–1a (a) (1994) does not require that a police officer actually see or observe a person move, drive, or operate a motor vehicle while the officer is physically present before the officer can charge that person with DUI under this statute, so long as the surrounding circumstances indicate the vehicle could not otherwise be located where it is unless it was driven there by that person.

*Cline*, 200 W. Va. at 163, 488 S.E.2d at 438, syl. pt. 3.

The record shows that Officer Semones testified that he did not witness petitioner drive the car and did not know how long the car was parked in that location before he found petitioner in the vehicle. Officer Semones explained that petitioner did not admit to driving and he did not remember driving. The officer also testified that there were numerous possible ways that petitioner's car could have come to be parked on Chestnut Street. However, he clarified that those possibilities were unlikely due to the surrounding circumstances. The totality of the circumstances demonstrates that the vehicle could not have been on Chestnut Street unless it was driven by petitioner. It is clear that petitioner drove the vehicle in an impaired state because when Officer Semones arrived on the scene, there were no other occupants in the car and no other individuals in the area at that time. Officer Semones observed petitioner in the driver's seat of the vehicle with the key in the ignition and the engine running. When Officer Semones questioned petitioner, petitioner seemed disoriented and confused and stated that he was in the area to see a friend, but could not remember his friend's name. Officer Semones also smelled an odor of alcohol on petitioner and did not observe any alcohol containers in the vehicle. Because there were no alcohol containers in the vehicle, Officer Semones reasoned that it was unlikely that petitioner consumed alcohol after arriving to Chestnut Street. Officer Semones testified that petitioner demonstrated impaired balance, bloodshot eyes, and slurred speech. After exiting the vehicle, petitioner failed three field sobriety tests and later, the Intoximeter test indicated that petitioner's blood-alcohol content was .132. Based on the evidence presented, we find that the circuit court did not err in finding that the totality of the circumstances was sufficient to arrest petitioner for DUI.

Lastly, petitioner argues that the circuit court erred in denying his motion to grant the circuit court appeal due to the State's untimely filing of the response. Petitioner asserts the response was to be filed on or before December 1, 2017, and that it was stamped received by the circuit clerk's office on December 4, 2017. The circuit court found that petitioner was not prejudiced by the State's response being filed on December 4, 2017. However, petitioner further asserts that he did not receive the response until twelve days later and that he "lost a significant period of time in which he could have been preparing his case as a result." Petitioner fails to provide any legal authority to support his contention that his circuit court appeal should have been granted due to the State's untimely filing. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that the brief "must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on." Therefore, we find petitioner is not entitled to relief.

For the foregoing reasons, the circuit court's March 5, 2018, order denying petitioner's appeal is hereby affirmed.

Affirmed.

**ISSUED**:  April 19, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison