**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Chadwick West,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-0017** (Kanawha County 21-AA-40)

**Everett Frazier, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Chadwick West appeals the order of the Circuit Court of Kanawha County, entered on December 13, 2021, denying his petition for judicial review and affirming the decision of the Office of Administrative Hearings ("OAH"). The OAH decision upheld the administrative revocation of petitioner's driver's license and the disqualification of his commercial driver's license. Everett Frazier, Commissioner, West Virginia Division of Motor Vehicles ("DMV"), responds in support of the order.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On the morning of February 23, 2020, police found petitioner standing beside his vehicle, which was stuck in a roadside ditch.  No one observed petitioner operating the vehicle. The investigating officer testified that he smelled alcohol on petitioner's breath, petitioner's eyes were bloodshot and glassy, and petitioner had slurred speech. He stated petitioner was unsteady and staggered while walking and swayed while standing. There were open beer bottles inside the vehicle. Three of the four field sobriety tests performed indicated impairment and petitioner was arrested for driving under the influence of alcohol ("DUI").[2] After arrest and transport to the police detachment, the Intoximeter test was administered. It indicated petitioner had a blood alcohol concentration ("BAC") of .204%. The investigating officer questioned petitioner and reported that petitioner told him that he had consumed one or two beers at a bar and had not had alcoholic beverages after the truck went in the ditch. Petitioner later advised the investigating officer that he had seven beers between ten p.m. and three a.m., but none after the accident occurred. Further,

---

[1] Petitioner appears by counsel Joseph H. Spano, Jr. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Elaine L. Skorich.

[2] The investigating officer also performed a preliminary breath test on the scene but it was not considered by the OAH because of procedural issues with that test.

petitioner stated to the investigating officer that he did not believe he drove under the influence of alcohol or was under the influence of alcohol when the vehicle went off the road.

The investigating officer provided documentation to the DMV and an administrative order of revocation of petitioner's driver's license, along with a notice of disqualification of petitioner's commercial driver's license, were issued, effective April 9, 2020. Petitioner requested an administrative hearing and the OAH conducted that hearing on September 11, 2020, wherein the investigating officer and the petitioner testified. The investigating officer's testimony was generally consistent with the documents provided to the DMV. Petitioner testified that he only had one to two beers at a bar and that as he was going home, an oncoming car caused him to swerve off the road and into a ditch. He was then stuck on the side of the road for the remainder of the night without phone service. Although he was only four to five miles from his home, it was cold and dark and so he stayed with his vehicle. He testified that he drank several beers after his vehicle went off the road and he did not believe that he was impaired while driving. Petitioner argues his high BAC level and the empty beer bottles in his vehicle are evidence that he drank alcohol after he stopped driving.

On June 3, 2021, the OAH entered an order affirming the DMV's order of revocation and notice of disqualification. The decision was drafted by a different hearing examiner than the one who heard the evidence. The OAH then discussed the conflict between petitioner's statements to the investigating officer and his testimony on the cause of the vehicle going into the ditch. The OAH found evidence of the consumption of alcohol by petitioner based on petitioner being the driver of the truck when it ran off the roadway; the odor of alcohol on his breath, bloodshot eyes, slurred speech, loss of coordination; his admission that he consumed alcoholic beverages earlier but none after his truck went in the ditch; his poor performance on field sobriety tests; and the presence of several open beer bottles in the truck. It found that the secondary chemical test administered to petitioner showed a BAC of .204%. The OAH concluded that, reviewing the entire record of the case, the evidence was sufficient to support the DMV's administrative revocation order and disqualification notice based on driving under the influence of alcohol with a BAC of .15% or more by weight. The OAH further determined that the BAC of .204% by weight is prima facie evidence that petitioner was under the influence of alcohol and upheld the revocation and disqualification based on an alcohol concentration of .15% or more.

On July 2, 2021, petitioner filed his petition for judicial review with the Circuit Court of Kanawha County. The circuit court upheld the decision of the OAH, finding a sufficient factual predicate in the record before the OAH and that a totality of the evidence demonstrated a reasonable basis for the decision.

Petitioner appeals this order, asserting that the evidence in the record does not support the conclusion that the OAH final order should be upheld. He specifically references the fact there is no testimony that he was operating his vehicle while under the influence of alcohol; that it was error to give the investigating officer's testimony more weight than petitioner's testimony; and that the preponderance of the evidence showed that he consumed beers causing the intoxication after the accident, including his BAC level. Respondent, on the other hand, contends that any analysis of BAC level requires expert testimony, that petitioner's testimony was contradictory to his statements to the investigating officer at the time of the arrest, and that the credibility

determination of the factfinder deserves deference. Respondent also argues that this appeal is moot.[3] This Court reviews the order in this appeal under the following standard:

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996). Syl. Pt. 1, *Dale v. Odum*, 233 W. Va. 601, 760 S.E.2d 415 (2014).

Syl. Pt. 1, *Frazier v. Talbert*, 245 W. Va. 293, 858 S.E.2d 918 (2021). We have also held:

> Under this standard, if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety, we may not reverse it, even though convinced that had we been sitting as the trier of fact, we would have weighed the evidence differently. We will disturb only those factual findings that strike us wrong with the "force of a five-week-old, unrefrigerated dead fish." *United States v. Markling,* 7 F.3d 1309, 1319 (7th Cir.1993), *cert. denied,* 514 U.S. 1010, 115 S.Ct. 1327, 131 L.Ed.2d 206 (1995).

*Brown v. Gobble*, 196 W. Va. 559, 563, 474 S.E.2d 489, 493 (1996).

---

[3] Respondent also asks this Court to take notice of petitioner's guilty plea to a DUI criminal charge in magistrate court and dismiss this appeal of the administrative proceeding as moot. *See State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 156, 697 S.E.2d 740, 748 (2010) (discussing mootness and, among other cases, citing Syllabus Point 1 of *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908), that holds "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court."). Prior to entry of the OAH order, petitioner entered a guilty plea to driving while impaired with a BAC of less than .15%. The DMV advised the OAH of the plea and sought to disqualify and revoke the petitioner's licenses under its orders based on the conviction; however, petitioner objected as this was a lesser-included criminal offense and because the results of criminal cases are not generally considered in administrative DUI revocation proceedings. Based on a comparative analysis of the DMV's order of revocation and the Magistrate Court of Clay County's Judgment of Conviction, the OAH found that the guilty plea was not a plea to the "same offense." Although the magistrate court order in the criminal case appears to have been provided to OAH, it is not contained in the appendix record. Regardless, the OAH discussed the guilty plea in its order and noted it was a plea for a simple DUI, involving a BAC of *less* than .15% by weight. The administrative proceeding and revocation are based on a BAC of .15% or *more* by weight and carry enhanced penalties. There appears to be no dispute of these facts. Based on the docket sheet provided with the appendix record in this matter, respondent only raised the issue of mootness before the circuit court by motion filed after the order on the merits was entered and, accordingly, that issue is not addressed in the circuit court order appealed. However, as mootness is a jurisdictional issue, we have considered this issue and agree with the OAH that the criminal charge and the administrative charge are not the same and, accordingly, this appeal is not rendered moot by petitioner's guilty plea to a lesser criminal DUI charge.

We agree with the circuit court that the evidence in the appendix record adequately supports the OAH final order, and that the credibility determinations made by the OAH are entitled to deference. *See* Syl. Pt. 1, in part, *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000) ("Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference."). The OAH explained its analysis and provided a reasoned and thorough decision. Upon review of the appendix record, including petitioner's admission of consuming alcohol before driving and the inconsistency between petitioner's statements post-arrest and during his testimony at the administrative hearing, we cannot find this determination clearly wrong. Likewise, although the investigating officer did not observe petitioner operating his vehicle prior to his arrest, we have routinely held that circumstantial evidence of operating a vehicle is sufficient in a case such as this, "so long as all the surrounding circumstances indicate the vehicle could not otherwise be located where it is unless it was driven there by that person." Syl. Pt. 3, in part, *Carte v. Cline*, 200 W. Va. 162, 488 S.E.2d 437 (1997); *see also Montgomery v. State Police*, 215 W. Va. 511, 517, 600 S.E.2d 233, 229 (2004) ("This Court's holding in *Carte* permits the use of circumstantial evidence to charge an individual with DUI. … By adopting a standard that permits reliance upon circumstantial evidence to charge an individual with DUI, this Court implicitly approved prosecutions for the offense of driving while under the influence where affirmative proof as to the issue of driving while under the influence is absent."). As noted above, petitioner admitted to driving the vehicle into the ditch. He admitted to drinking prior to driving, although his testimony differed from his original statement as to how much alcohol he consumed prior to driving. Based on these circumstances, we cannot hold that the OAH finding that petitioner was operating the motor vehicle while impaired was unsupported by the circumstances. We agree with the circuit court that a totality of the evidence in the appendix record demonstrates a sufficient factual predicate and a reasonable basis for the findings in the OAH final order and that it was not clearly wrong, contrary to the law, or arbitrary and capricious.

Finally, petitioner argued that his BAC was so high that he must have consumed the alcohol after the accident. We have found such arguments require evidence to support specific application of the concept of retrograde extrapolation, an analysis of the absorption rate of alcohol and its effect on BAC levels, to the facts of the case. *Dale v. Veltri*, 230 W. Va. 598, 601-02, 741 S.E.2d 823, 826-27 (2013) (discussing retrograde extrapolation and the need to provide evidence applying the retrograde extrapolation to the individual circumstance at issue and not just the concept). No such evidence was presented in this case and there is no evidence of such an analysis based on petitioner's specific BAC results. Therefore, we hold that petitioner's argument with regard to BAC is speculative and, accordingly, we find no error in the OAH final order on this issue.

For the foregoing reasons, we affirm the circuit court's December 13, 2021, order.

Affirmed.

**ISSUED:** September 15, 2023

4

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn